ELLMORE J. WELCH and JOSEPHINE HOLMAN v. WILLIAM M. WELCH, LIZZIE WELCH, OLIVER WENDELL WELCH, RUFUS M. WELCH and FRANCES LEE WELCH, Appellants.—No. 39189.—190 S. W. (2d) 936.

Division One, September 4, 1945.

Rehearing Denied, December 3, 1945.

*J. A. Collet* for appellants.

*Errol Joyce* for respondents.

DOUGLAS, J.—This is a suit to set aside the will of James M. Welch, Sr., on the grounds of mental incapacity and undue influence. The charge of mental incapacity was not proved so the case

was submitted to the jury only on the issue of undue influence. The jury found against the will.

The primary question for decision is whether a submissible case was made on the issue of undue influence.

The testator died at the age of ninety-six, leaving five children. By his will made at the age of ninety-four he left to his son Ellmore and to his daughter Josephine, plaintiffs, one dollar each. After making provisions for a daughter who is non compos, the testator divided his estate equally between his two sons Rufus and William, defendants. The evidence shows that some eight years before his death he called all his children together, except his demented daughter, and told them to choose their land, that is, to agree among themselves how his 680 acres of land should be divided among them at his death. They agreed on what tract each should receive and prepared a written memorandum of the agreement which each of them signed. The record indicates testator at the same time made provision by will for the demented daughter out of his personal estate. Thereupon the testator had deeds to each child prepared in accordance with the agreement. The testator signed and acknowledged the deeds but did not deliver them, telling the children they would receive them at his death. William, who is charged as the principal actor in unduly influencing his father later to make the will now under attack, testified he was dissatisfied with the portion of the real estate allotted to him under the agreement even though he joined in it.

William and his wife lived at the family home with the testator. Later the testator built a home across the road for his daughter Josephine on the land allotted to her under the agreement and moved in with her. After a little more than a year elapsed he moved back with William. A month later William took him to a lawyer of his own choosing and with whom testator was not acquainted for the purpose of having the will in question prepared and executed, which was done. Previous to its execution William had the testator examined at the lawyer's office by two doctors who found the testator mentally capable of making a will. There is testimony that thereafter the testator was constantly in William's custody and control.

In addition to the facts related above there is other substantial evidence, disregarding the objectionable evidence found in the record, from all of which a reasonable inference may be drawn that William dominated the testator, prejudiced him against the plaintiffs and designed to prevent them from receiving anything from the testator contrary to the testator's own determination.

Undue influence need not be proved by direct and positive evidence as such is usually unavailable; it may be shown indirectly by the reasonable and natural inferences drawn from the facts and circumstances proved. The weight of the evidence and the credibility of the

witnesses are of course questions for the jury in this class of action just as in other actions at law. Walter v. Alt, 348 Mo. 53, 152 S. W. (2d) 135. We hold the jury's finding against the will is sustained by the evidence.

■ Other questions raised turn on instructions both refused and given. Appellants complain about the refusal of an instruction offered by them purporting to tell the jury in effect that the fact the children of the testator agreed upon a division of the testator's property which the testator approved and promised to carry out, was not binding on the testator who could dispose of his property by will as he wished. However, in another of appellants' instructions which was given, the jury was told that a testator has the right to dispose of his property to any person he may desire and to leave others unprovided for. The fact that the testator had called his children together, asked them to prepare a plan for a division of his land among them and agreed to the plan was proper evidence to show his attitude toward them at the time. Gott v. Dennis, 296 Mo. 66, 246 S. W. 218. In no place does the record show there was any claim that such agreement was in any manner binding on the testator. The refused instruction if given would have confused the jury by leading them to believe they could not consider such evidence for any purpose. Moreover, it singled out a particular item of evidence for comment which was improper. The instruction was properly refused.

■ Appellants concede the jury were correctly instructed as to the meaning of undue influence but complain about an instruction that stated undue influence could be established "by facts and circumstances inconsistent with honesty and fair dealing." While the latter statement may not be particularly appropriate under the facts of this case it does not constitute reversible error. In itself, it is a correct statement. The proof, not alone of mere influence but of undue influence actually operating upon the testator at the time of the execution of his will, is necessary to overthrow it. Larkin v. Larkin (Mo.), 119 S. W. (2d) 351. *Undue* influence is wrongful and is used with dishonest motives for the purpose of substituting the will of the person exercising it in place of that of the testator. In pointing out the distinction between fraud and undue influence in procuring benefits under a will, this court said: "Undue influence is a fraud . . . ." Gockel v. Gockel (Mo.), 66 S. W. (2d) 867, 92 A. L. R. 784. Appellants argue that such statement could be understood by the jury only in connection with the agreement for the disposition of the land which the will failed to follow. However, this argument is untenable especially when the instruction is read with the others. On the same ground appellants object to another instruction which stated that declarations of the testator about plaintiffs are to be considered only as evidence of his feelings toward them. This is a correct statement of the law and is not subject to appellants' objection.

■ Appellants complain of another instruction which told the jury if at the time of the execution of the will testator was subject to the dominion and control of defendants, naming them, "*or any other person,* and that they or any other person for them, or either of them, unduly exercised such dominion . . . " etc. The ground of the objection is that there was no allegation or proof that any person other than defendants exercised undue influence in making the will so that the instruction is outside the pleading and evidence. The ■■■■ charge that undue influence was exercised by defendants is broad enough to cover undue influence exercised by them through others. Furthermore, the evidence gives rise to an inference that such was the case. We rule the objection against appellants. Thomas v. Thomas (Mo.), 186 S. W. 933; Balak v. Susanka, 182 Mo. App. 458, 168 S. W. 650.

The record shows a fair trial before a jury with evidence to support its verdict, and no reversible error.

Judgment affirmed. All concur.