STATE ex rel. STATE BOARD OF REGIS-
TRATION FOR the HEALING
ARTS, Relator,

v.

R. Kenneth ELLIOTT, Judge, Seventh Ju-
dicial Circuit of Missouri, Respondent.

No. 50955.

Supreme Court of Missouri,

En Banc.

March 8, 1965.

Thomas F. Eagleton, Atty. Gen., Albert J. Stephan, Jr., Asst. Atty. Gen., Jefferson City, for relator.

Reed O. Gentry, Rogers, Field & Gentry, Kansas City, William B. Waters, Hale, Coleberd, Kincaid & Waters, Conn Withers, Liberty, for respondent.

HOLMAN, Judge.

In this original proceeding relator, State Board of Registration for the Healing Arts (composed of William D. Perry, M. D., D. Elliott O'Reilly, M. D., Raymond C. Conrad, M. D., R. A. Michael, D. O., H. Graham Parker, M. D., Raymond A. Ritter, M. D., and Harry S. Still, D. O.) seeks to prohibit respondent, Honorable R. Kenneth Elliott, a judge of the Seventh Judicial Circuit of Missouri, from taking action to enforce a Stay Order issued by respondent on July 8, 1964, which required relator to "stay any further proceedings 'In the Matter of Virgil A. Bittiker, D. O.' and to take no further action in said matter until the further order of this court." We issued our provisional rule on July 16, 1964.

The facts appearing in the pleadings, exhibits, and stipulation are as follows: On December 26, 1963, the Relator Board

initiated proceedings against Virgil A. Bittiker, D. O. (hereinafter sometimes referred to as "licensee") by serving upon him a notice that it would hold a hearing on January 25, 1964 (all dates hereinafter mentioned are in 1964), to inquire into charges to the effect that said licensee had solicited patronage by means of advertisements in various magazines, and to determine upon the evidence whether his license to practice the healing arts should be revoked. The hearing was held on the date mentioned and evidence taken, at the conclusion of which Dr. Bittiker filed a motion for dismissal, and, within 30 days thereafter, filed a brief with relator. On May 20, relator issued an "order for further hearing and the taking of additional evidence on July 11," and same was served upon licensee, together with a subpoena commanding him to appear at said hearing. Thereafter, on June 29, relator made an order continuing the said hearing until July 18.

On July 8, licensee (a resident of Clay County) presented to respondent his verified "Petition for Stay of Proceedings and Removal of Proceedings," wherein, in addition to the facts heretofore stated, licensee alleged that relator's action in ordering a further hearing, and its refusal to decide the motions presented at the initial hearing, constituted an unreasonable delay on the part of relator within the meaning of § 536.100 (all statutory references are to RSMo 1959, V.A.M.S.), and the similar provisions of Civil Rule 100.03, V.A.M.R., and prayed that the court (a) enter its order temporarily staying any further proceedings on the part of relator, and (b) to remove the proceedings from the relator to the Circuit Court of Clay County for decision upon the pleadings and evidence theretofore taken before said Relator Board.

On the basis of licensee's petition, and apparently without notice to relator, the court entered an order requiring relator and the individual members thereof to stay any further proceedings "in the matter of Virgil A. Bittiker, D. O." and to take no further action in said matter until the further order of the court, and set licensee's petition for hearing on July 30, on the question of whether relief should be granted in accordance with the "unreasonable delay" provision of § 536.100.

After the issuance of our provisional rule relator proceeded to hold the hearing on July 18 and licensee filed a brief with relator on August 21. On September 19, relator entered an order revoking the license of Dr. Bittiker to practice the healing arts, effective immediately. Thereafter, Dr. Bittiker filed a petition in the Circuit Court of Clay County, under the provisions of § 536.100, to review said order revoking his license and said review proceedings are now pending in said court. It has been stipulated that relator voluntarily stayed the enforcement of its order of revocation pending disposition of said review proceedings.

The primary contention stated by relator in its application for prohibition was that the petition filed by licensee with respondent on July 8 was not a petition for review within the meaning of §§ 536.100, 536.110, and 536.120; that said last named section did not authorize the respondent to enter the stay order heretofore described, and further, that the respondent was without any jurisdiction in the case because the venue thereof was in the Circuit Court of Cole County and not in the Clay County Circuit Court. In its brief filed herein relator, in addition to the foregoing contentions, also contends that the proceeding is now moot because it has decided the matter, revoked Dr. Bittiker's license, and its action in that respect is now properly pending in the Circuit Court of Clay County upon review proceedings.

Section 536.100 reads as follows: "Any person who has exhausted all administrative remedies provided by law and who is aggrieved by a final decision in a contested case, whether such decision is affirmative or negative in form, shall be entitled to

judicial review thereof, as provided in section 536.100 to 536.140, unless some other provision for judicial review is provided by statute; provided, however, that nothing in this chapter contained shall prevent any person from attacking any void order of an agency at any time or in any manner that would be proper in the absence of this section. *Unreasonable delay on the part of any agency in deciding any contested case shall be grounds for an order of the court* either compelling action by the agency or *removing the case to the court for decision.*" (The portion which licensee sought to invoke is italicized.)

Section 536.110 provides, in part, as follows: "1. Proceedings for review may be instituted by filing a petition in the circuit court or court of common pleas of the county of proper venue within thirty days after the mailing or delivery of the notice of the agency's final decision. * * * 3. The venue of such cases shall, at the option of the plaintiff, be in the circuit court of Cole county or in the county of the plaintiff or of one of the plaintiff's residence. * * *"

Section 536.120 contains the following: "Pending the filing and final disposition of proceedings for review under sections 536.100 to 536.140, the agency may stay the enforcement of its order and may temporarily grant or extend relief denied or withheld. Any court in which such proceedings for review may be pending may issue all necessary and appropriate process to stay or require the agency to stay the enforcement of its order or temporarily to grant or extend or require the agency temporarily to grant or extend relief denied or withheld, pending the final disposition of such proceedings for review. * * *"

In his brief respondent contends that the petition filed on July 8 was a proceeding seeking a judicial review within the meaning of the applicable sections of Chapter 536, and therefore § 536.110 authorized Dr. Bittiker to choose Clay County for the venue of his suit, and § 536.120 authorized the Stay Order entered on the date aforesaid.

It is apparent from the contentions of the parties, as hereinbefore stated, that (aside from the question of mootness) the decision in this case will turn on the question as to whether or not the petition filed with respondent constituted a proceeding for "judicial review" within the meaning of that phrase as it appears in §§ 536.100 to 536.140, inclusive.

For the reasons hereinafter stated we have concluded that Dr. Bittiker's petition, which admittedly sought a transfer of the proceeding from relator to the circuit court for an initial decision, did not constitute a proceeding for "judicial review" within the meaning of the sections heretofore mentioned. It necessarily follows from the foregoing that the venue of the case was not in Clay County, and, there being no contention of waiver of venue, the respondent had no jurisdiction over the person of relator and hence could not lawfully enter the Stay Order or take any other action in the case.

There is no dispute about the fact that the proceeding pending before the relator was a contested case and therefore § 536.100 was applicable to it. In analyzing that section it will be seen that the part thereof down to and including the figures "536.140" is the only portion of the section which relates to a judicial review by reason of Chapter 536. That part clearly states that a person is entitled to such a review if he has exhausted all administrative remedies and is aggrieved by a final decision in a contested case. The remainder of the section relates to relief other than review under the provisions of §§ 536.100 to 536.140. It states that review under those sections is not available if "some other provision for judicial review is provided by statute." It also specifies that a void order of an agency may be attacked at any time and in any manner that would be proper in the absence of § 536.100. Then follows another exception to the review provision,

i. e., that unreasonable delay in deciding any contested case shall be grounds for an order of court (1) compelling action by the agency or (2) removing the case to the court for decision.

We have been unable to determine where the General Assembly obtained the suggestion for the provision that unreasonable delay should be grounds for removing the case to the court for decision. It is not included in the Model State Administrative Procedure Act, 9C Uniform Laws Annotated 170. Nor is it contained in the Federal Administrative Procedure Act, 5 U.S.C.A. § 1001 et seq. It is not in harmony with the basic theory of all the remainder of §§ 536.100 to 536.140 because all of the other provisions relate to judicial review and the scope of review of final decisions of the administrative agency. The provision under consideration relates to a situation where there has been no decision by the agency and provides for an initial decision by the court. It is therefore obvious that it does not provide for a judicial review because there has been no decision which could be reviewed. In Black's Law Dictionary, Fourth Edition, the word "review" is defined: "To re-examine judicially. A reconsideration; second review or examination; revision; consideration for purposes of correction. Used especially of the examination of a cause by an appellate court." And in Webster's Third New International Dictionary, the word "review" is defined as, "to re-examine judicially." The phrase, "judicial review," as used in the sections under consideration, is obviously intended to have a meaning similar to the word "appeal," and in Black's, supra, it is said that "an 'appeal' is a step in a judicial proceeding, and in legal contemplation there can be no appeal where there has been no decision by a judicial tribunal."

In support of his contention that the venue of Dr. Bittiker's petition is in Clay County respondent relies upon the provision in § 536.110(3) to the effect that in proceedings for review, the venue, at the option of plaintiff, may be in the county of his residence. That section, however, is expressly limited in subdivision (1) to "proceedings for review" which "may be instituted by filing a petition in the circuit court or court of common pleas of the county of proper venue within thirty days after the mailing or delivery of the notice of the agency's *final decision.*" (Italics ours.) Since there had been no *final decision* in the matter when the petition under consideration was filed, § 536.110 would have no application and would not affect the venue of the suit.

Respondent also contends that the petition filed July 8 seeks a "judicial review" because plaintiff therein alleged that the matter pending before relator should be transferred to the circuit court and that a decision should be made solely upon a consideration of the evidence theretofore taken before relator. The main difficulty with that contention is that Dr. Bittiker had no right to specify the terms upon which the decision would be made. The provisions of § 536.140, restricting the court in review proceedings to the record made before the agency, do not apply to the transfer provision of § 536.100. In some cases that may be transferred, it could be that no evidence had been taken before the agency and hence all of the testimony would, of necessity, be heard in the circuit court. In other cases, while the court could likely consider the evidence taken before the agency, we doubt that the court could restrict the evidence to that so taken because it would be a proceeding calling for an initial decision by the court. In such cases the court would at least have the discretionary power to permit either party to offer additional evidence.

We have heretofore held that the proceeding pending before respondent is not a proceeding for "judicial review" and hence the venue provision contained in § 536.110 would have no application to that action. We further hold that since relator (defendant therein) is a state agency, required

by § 334.125 to maintain its office in Jefferson City, the venue of actions such as the one instituted by licensee (there being no other statutory provision) is in Cole County. See § 508.010, State ex rel. State Tax Commission v. Walsh, Mo.Sup., 315 S.W.2d 830, State ex rel. Toberman v. Cook, 365 Mo. 274, 281 S.W.2d 777, and State ex rel. Dalton v. Oldham, Mo.Sup., 336 S.W.2d 519.

It follows from the foregoing that respondent does not have jurisdiction over the person of relator, and, since he assumes so to have, prohibition is the proper remedy. State ex rel. Toberman v. Cook, supra.

Our provisional rule in prohibition is made absolute.

EAGER, C. J., and STORCKMAN, HYDE, HENLEY and FINCH, JJ., and STONE, Special Judge, concur.

DALTON, J., not sitting.