419 S.W.2d 87 (1967)
In the Matter of the Incorporation of the VILLAGE OF LONE JACK, Missouri.
T. E. RAGSDALE et al., Respondents,
v.
Charles E. CURRY et al., Respondents,
Richard V. Brown et al., Appellants.
No. 52707.
Supreme Court of Missouri, En Banc.
September 11, 1967.
Rehearing Denied October 9, 1967.
*88 Rufus Burrus, Independence, for respondents.
Milton B. Edmonson, Greenwood, Irving Achtenberg, Kansas City, Achtenberg, Sandler & Balkin, Kansas City, of counsel, for appellants.
HENLEY, Judge.
This action, originating in the county court of Jackson county, involves the incorporation of the village of Lone Jack, Missouri. The county court, over objections of persons hereinafter mentioned, approved a petition for incorporation, declared the village a body corporate and politic, and appointed Richard V. Brown, et al., members of its first board of trustees. T. E. Ragsdale, et al., hereinafter referred to as "objectors" to incorporation, residents of the area sought to be incorporated, appealed from that order to the circuit court of Jackson county. The circuit court affirmed the order of the county court, but, on after trial motion of objectors, set aside its order of affirmance and granted a new trial. Richard V. Brown, et al., hereinafter referred to as "proponents" of incorporation, appealed from the order granting a new trial to the Kansas City court of appeals. That court reversed and remanded with directions to reinstate the judgment affirming the order of the county court. On application of objectors we ordered the case transferred to this court and it will be determined here "the same as on original appeal". Civil Rule 84.05 (h), V.A.M.R.; Constitution of Missouri, Article V, § 10, V.A.M.S. The case was argued here, but additional briefs have not been filed. We affirm, with directions.
We are met at the outset with an incomplete record, incomplete in that it does not contain the testimony of witnesses heard by the county court. We understand from the arguments that this testimony was recorded by a recording machine but that it was not preserved and could not be supplied to the circuit court after the case reached that court for review.
The record of the proceedings in the county court certified to the circuit court on appeal consisted of (1) a verified petition of 134 taxable inhabitants praying for incorporation of an area of 3840 acres as the village of Lone Jack (attached as exhibits were a plat of the area and a verified census listing all inhabitants by name showing that all who signed the petition were residents thereof); (2) objections to incorporation signed by twenty-five taxable inhabitants of the area; (3) the order of the county court declaring the area incorporated as a village and appointing a board of trustees; (4) objectors' "Application For And Notice Of Appeal to the Circuit Court * * *"; and (5) various other documents we need not describe. The certificate of the county court recites that the record transmitted to the circuit court contained all papers on file with the county court together with its findings, decisions and orders in the matter, but that no transcript of the evidence heard by that court was included, because no party requested that a *89 record be made of the proceedings. For whatever it may be worth, we note at this point that objectors' notice of appeal requested that in certifying the matter to the circuit court the county clerk include, among other parts of the record, "* * * a transcript of the evidence * * *."
The petition for incorporation alleged, inter alia, that 272 inhabitants resided within the area of which 167 were taxable inhabitants. The census supports this allegation. The objections to incorporation alleged, inter alia, that the area actually comprising the unincorporated village known as Lone Jack was 160 acres, but that the balance of the 3840 acres sought to be incorporated was "* * * farm and agricultural lands." The plat shows that the 3840 acre area (six square miles) is somewhat irregular in shape. It is three miles long, north to south, at its longest point, and two and one-half miles wide, east to west, at its widest point. It lies both north and south of U.S. Highway 50, in the southeast corner of Jackson county. The plat indicates that it has only six roads or streets, two churches and one school.
Witnesses for both sides testified before the county court, but, as indicated, their testimony was not transcribed and made a part of the record certified to the circuit court for review. The certification of the county court attests to this fact and counsel agreed in their arguments here that testimony was heard, but not transcribed.
On this bare record the circuit court entered its judgment in favor of proponents, finding that the order of the county court "* * * was based upon a reasonable exercise of discretion, upon competent and substantial evidence, and was not against the overwhelming weight of the evidence * * *."
It was also on this bare record that the court later sustained objectors' motion for new trial and set aside its judgment, finding that the county court had exceeded its jurisdiction by including in the village boundaries 3680 acres of farm, pasture and agricultural lands not devoted to village purposes, for which reason the incorporation was void.
Proponents-appellants, conceding that the record does not contain all evidence heard by the county court, contend that the circuit court erred in granting a new trial, because there is substantial evidence in the county court record upon which to find that that court acted within its jurisdiction in incorporating the village. Objectors-respondents contend, contra, that although the record does not contain all of the evidence, the court did not err in granting a new trial, because the petition and other parts of the record show, and the court may take judicial notice of the fact, that approximately 3680 acres of the land in the area sought to be incorporated is devoted to farm, pasture and agricultural uses, and therefore the county court was without jurisdiction to incorporate.
Asserting that the scope of judicial review is limited to determining whether the order of the county court is supported by competent and substantial evidence,[1] proponents further contend (1) that it was the responsibility of objectors to preserve the evidence upon which the county court based its findings and order;[2] and (2) since the testimony heard by the county court is not a part of the record, that court's "* * * findings will be presumed to be correct and the reviewing court must hold *90 that its order was supported by competent and substantial evidence."[3]
Section 49.230 (all references to statutes and rules are to RSMo 1959, V.A.M.S., and Rules of Civil Procedure of this Court, V.A.M.R.) provides that appeals from order of county courts of a quasi-judicial nature shall be heard by the circuit court in the manner provided by § 536.140, a part of chapter 536, our Administrative Procedure and Review Act. Section 49.-225 provides that the county court or any party in proceedings before that court may require that the evidence be reported by a stenographer and when transcribed shall become a part of the record. Section 49.230 further provides that the county court "* * * shall certify to the circuit court all documents and papers on file * * * together with a transcript of the evidence, * * * findings and order, which become the record of the cause." Section 536.130 and Civil Rule 100.06 provide that the record for review in cases of this nature shall consist of one of the following: (1) such parts thereof as the parties by stipulation may agree upon; (2) an agreed statement of the case; or "(3) A complete transcript of the entire record, proceedings and evidence * * *."
This record does not meet the requirements of the statute or rule; its deficiency or shortcoming will not permit that review required by § 536.140. The question of whether land is used only for farming or agricultural purposes and not devoted to or constituting a part of the community is inherent in a proceeding before a county court to incorporate into a new village acreage of this size occupied by such few inhabitants. Neither the circuit court, nor any other court, can properly review and determine whether the order of the county court is supported by competent and substantial evidence on that question in the absence of all the evidence.
Proponents cast the blame for failure to preserve this testimony on objectors, saying that, as appellants in the circuit court it was objectors' responsibility to see to it that all the evidence was preserved for review. In making this assertion proponents rely on the case and statute cited in footnote 2. Section 49.225 provides that any party whose interests are being determined may require that the evidence be transcribed and made a part of the record. This statute makes the transcript as available to proponents as it does to objectors; and, now with proponents in the position of appellants, it might be said that the blame and responsibility proponents would cast on objectors has shifted to proponents as appellants. Mastin v. Ireland, supra, 1.c. 902 [4]. It serves no purpose to cast blame. Parties desiring that their interests be reviewed in accordance with § 536.140 will see to it that the full record necessary for proper review is certified to the initial reviewing court; and where, as here, the testimony of witnesses has been heard but not transcribed and preserved so that it may be made a part of the record on appeal their case should be remanded forthwith by the initial reviewing court for a rehearing of that evidence and its preservation for review.
The circuit court certainly had the authority to remand the case to the county court for that purpose and should have done so, State ex rel. State Highway Commission v. Weinstein, Mo., 322 S.W.2d 778, 787 [16], rather than rule and then set aside its ruling on a record inadequate for proper review.
Proponents contend the findings of the county court are presumed to be correct and the reviewing court must hold *91 that its order was supported by competent and substantial evidence. In the case of In Re Proposed Incorporation of the Village of Pleasant Valley, 272 S.W.2d 8, cited by proponents, the Kansas City Court of Appeals held that doubt should be resolved in favor of the order of the county court on the question of whether the petition for incorporation was signed by the required number of taxable inhabitants, although the record did not contain evidence heard on that question. We agree with that opinion on the question decided. But on the question of whether the county court may have exceeded its jurisdiction by incorporating a large area of farm land not devoted to village purposes and not reasonably required to be incorporated within the village we are not bound by the county court's order, State on Information of Eagleton v. Champ, Mo., 393 S.W.2d 516, 526 [5], and decline to indulge the presumption urged by proponents.
Objectors contended in the county court, in the circuit court and contend on appeal that the area involved is devoted to farm and agricultural uses. If this is true then State on Information of Eagleton v. Champ, supra, relied on by both sides, may well control what the county court may or may not do. As was stated in argument, there is no evidence in the record from which the character of the use of this land may be determined; that is, whether or not it is being used as farm or agricultural lands. We may not take judicial notice that this is farm land, as objectors would have us do. But we may take notice from the official state highway map of the location in Jackson county of the community long known as "Lonejack" and that it is at least eight miles from the nearest town or city. We may not determine the character of the land use from the bare fact that the population density is roughly forty-five persons per square mile. But these facts do lend some credence to the assertion that this sparsely settled large acreage is farm land not devoted to village purposes and not reasonably required to be incorporated within the community. Without the testimony of the witnesses heard by the county court we cannot determine whether the county court has exceeded its jurisdiction.
For the reasons stated, the order of the circuit court is affirmed only insofar as it grants objectors a new trial, and the cause is remanded with directions that it be remanded to the county court for further proceedings in accordance with this opinion.
All concur.
NOTES
[1] Proponents cite in support of this assertion: Wood v. Wagner Electric Corp., 355 Mo. 670, 197 S.W.2d 647, 649; Kansas City v. Rooney, 363 Mo. 902, 254 S.W.2d 626, 627; State ex rel. Horn v. Randall, Mo.App., 275 S.W.2d 758; Missouri Constitution, V.A.M.S., Article V, § 22; Sections 49.230 and 536.140, V.A.M.S.
[2] Proponents cite in support of this contention: Mastin v. Ireland, 320 Mo. 617, 8 S.W.2d 900; Section 49.225, RSMo 1959, V.A.M.S.
[3] Proponents cite in support of this contention: In Re Proposed Incorporation of Village of Pleasant Valley, Mo.App., 272 S.W.2d 8; Gorman v. Cox, Mo., 190 S.W.2d 935; Section 80.020, RSMo 1959, V.A.M.S.; 5 C.J.S. Appeal and Error § 1564, p. 1292.