**BOARD OF ZONING ADJUSTMENT OF KANSAS CITY, Missouri, and Forrest Roudebush, Respondents-Appellants,**

v.

**MAYFAIR HOMES ASSOCIATION, INC., Valentin Schultz and Mary Schultz, Plaintiffs-Respondents.**

**No. WD 32724.**

Missouri Court of Appeals, Western District.

May 18, 1982.

T. Nelson Mann, Mark E. Johnson, Larry W. Joye, Morrison, Hecker, Curtis, Kuder & Parrish, Kansas City, for Roudebush.

Aaron A. Wilson, Kathleen A. Hauser, Kansas City, for Bd. of Zoning Adj.

Roger M. McNiel, Alan E. South, Crews, Milliard & South, Kansas City, for plaintiffs-respondents.

Before SHANGLER, P. J., and PRITCHARD and TURNAGE, JJ.

TURNAGE, Judge.

Forrest Roudebush was granted a variance from the setback requirements contained in the zoning ordinances of the City of Kansas City by the Board of Zoning Adjustment for the building of a garage. Mayfair Homes Association and Valentin and Mary Schultz filed a petition for review and writ of certiorari in the circuit court to review the action of the Board of Adjustment. The court reversed the variance granted by the Board and Roudebush and the Board appeal.

The Board and Roudebush contend the court could not have performed the proper review of the action of the Board because a transcript of the evidence heard by the Board was not filed with the court. Reversed and remanded.

Roudebush began the construction of a garage on his lot without obtaining a permit. When he learned that a permit was required, he immediately applied for one. The permit was denied because the back part of the garage did not meet the side yard setback requirement and the building was not placed at the required distance from the house.

Roudebush filed an application with the Board for a variance from the setback requirements on the basis that he would suffer a hardship because his lot was a pieshape with the lot lines converging toward the rear, and the strict observance of the setback would require the loss of two valuable trees. The Board conducted a hearing on which the testimony of various witnesses, both in favor and opposed to the application were heard. The Board voted unanimously to grant the variance and allow the garage to be located nearer the house than required and to be located at the back side .3 feet from the side lot line.

After filing their petition for review and writ of certiorari, Mayfair and Schultz took the position that it was unnecessary to file a transcript of the evidence heard by the Board because the decision was illegal as a matter of law. The trial court agreed that the decision was illegal and entered findings of fact. The court found the variance allowed was not reasonable and there was no undue hardship imposed upon Roudebush in requiring adherence to the setback requirements. The court also found the action of the Board violated the letter and spirit of the zoning ordinance.

The Board and Roudebush contend that the trial court was not authorized to make findings of fact and could not perform the review authorized by law without a transcript of the evidence heard by the Board. Mayfair and Schultz continue their argument that only questions of law are involved and the trial court correctly decided that issue without a transcript.

The scope of judicial review of a decision by the Board of Zoning Adjustment is stated in *Rosedale-Skinker Imp. Assn. v. Board of Adjustment*, 425 S.W.2d 929, 936[7, 8] (Mo. banc 1968) as follows:

"The scope of judicial review of the decisions of the board of adjustment in a zoning proceedings [sic] is limited to a determination of whether the ruling is authorized by law and is supported by competent and substantial evidence upon the whole record."

This, of course, follows the requirement of Article V, Section 18, of the Constitution. The same standard is contained in Rule 100.07.

■ Mayfair . and Schultz contend the Board exceeded its authority in granting the variance because as a matter of law no undue hardship existed and the only hardship which did exist was caused by Roudebush in starting construction without a permit. The court in *Rosedale-Skinker* disposed of this contention when it stated at 933[3]:

"There is no all-inclusive definition of what constitutes a sufficient showing of practical difficulty and undue hardship to warrant granting a variance; whether such difficulties or hardships exist is a question of fact as to which the Board of Adjustment is accorded a discretion to be exercised within the guidelines of the zoning legislation."

It is clear that whether or not there was practical difficulty and undue hardship was a question of fact to be resolved by the Board. Judicial review of that decision is limited, of course, to whether or not the Board action is supported by competent and substantial evidence.

■ To determine whether the action of the Board is supported by substantial and competent evidence requires a transcript of the evidence which the Board heard.

■ Mayfair and Schultz also contend the court properly reversed the Board because the variance violated the letter and spirit of the zoning ordinance. This contention in effect would deny the Board any power to grant a variance. *Rosedale-Skinker* also dealt with this question when it held the decision of the Board did not have or purport to have the effect of repealing a zoning ordinance. *Supra* at 938. Of course, § 89.090, RSMo 1978, grants the Board the power to vary or modify the application of the requirements of a zoning ordinance when there are practical difficulties or unnecessary hardship in the way of carrying out the strict letter of the ordinance. As noted above, the existence of the basis upon which the Board may act is a question of fact. Thus, the fact that the Board has the power to vary the requirements of the zoning ordinance does not mean that the Board has violated the zoning ordinance. The Board's power is limited by the factual basis which must exist to justify a variance and, of course, the existence of that factual basis is subject to judicial review.

In *In Re Village of Lone Jack*, 419 S.W.2d 87, 90[1] (Mo. banc 1967) the court stated:

"Neither the circuit court, nor any other court, can properly review and determine whether the order of the county court is supported by competent and substantial evidence on that question in the absence of all the evidence."

The court further stated in that case that when parties desire judicial review of an administrative decision they are required under Rule 100.06 to see to it that ·a full record necessary for proper review is filed with the reviewing court.

In this case the only question presented to the circuit court was whether or not the decision of the Board was supported by competent and substantial evidence upon the whole record. The court did not have the whole record because it did not have the transcript of the evidence presented by the witnesses to the Board. The court in *Lone Jack* remanded the case for the purpose of having a transcript of the whole record presented before judicial review would be undertaken.

In this case a review of the Board's decision can only be made upon a transcript of the evidence heard by the Board in support of and in opposition to the granting of the variance.

The judgment is reversed and this cause is remanded to the circuit court with directions to grant leave to Mayfair and

Schultz to file a transcript of the entire record, proceeding and evidence before the Board in compliance with Rule 100.06. Upon the filing of such transcript, the court may then undertake the review permitted by law under *Rosedale-Skinker, supra.*

All concur.