**STATE ex rel. William J. WASSON,
Relator,**

v.

**Honorable Charles R. SCHROEDER,
Judge, Circuit Court, 11th Judicial
Circuit, et al., Respondents.**

No. 64382.

Supreme Court of Missouri,
En Banc.

Feb. 23, 1983.

---

John Ashcroft, Atty. Gen., Leslie Ann Schneider, Asst. Atty. Gen., Jefferson City, for relator.

Claude C. Knight, St. Charles, for respondents.

HIGGINS, Judge.

The parents of children assigned to the St. Charles R–V School District requested that the Commissioner of Education assign their children to a different school district pursuant to section 167.121 RSMo 1978. The Commissioner's designee, Mr. Wasson, denied the request. There was no hearing on this matter; none is required by statute. Plaintiffs sought a writ of mandamus in the Circuit Court of St. Charles County to compel the Commissioner to reassign the plaintiffs' children. Defendant-relator Wasson then filed a petition for writ of prohibition in the Court of Appeals, Eastern District, alleging the circuit court was without jurisdiction to hear the case because venue was not proper in St. Charles County. The Eastern District denied the writ and relator filed his petition for writ of prohibition in this Court. A preliminary writ issued and the question is whether venue is proper in St. Charles County. Venue is not in St. Charles County, and the preliminary writ of prohibition is made absolute.

Improper venue is a fundamental defect; a court which acts when venue is not proper has acted in excess of its jurisdiction. *State ex rel. Allen v. Barker,* 581 S.W.2d 818, 824 (Mo. banc 1979); *State ex rel. Bartlett v. McQueen,* 361 Mo. 1029, 238 S.W.2d 393, 395 (1951). Prohibition will lie to prevent a court from acting outside its jurisdiction. *State ex rel. Adrian Bank v. Luten,* 488 S.W.2d 636, 637 (Mo. banc 1973).

Generally, venue in actions against executive heads of departments lies in the county in which their offices are located and their principal duties are performed. *State ex rel. State Bd. of Reg. for the*

*Healing Arts v. Elliot,* 387 S.W.2d 489, 492–93 (Mo. banc 1965). The underlying case is an action against a state official acting in his official capacity who is required by law to maintain his office and transact the principal duties of his department in Jefferson City. *See* Mo. Const. art. IV, §§ 12, 20, art. IX, § 2(b); § 161.132 RSMo 1978. Under the general rule, therefore, venue lies in Cole County.

 The general rule is subject to specific statutes placing venue elsewhere. Respondents contend the special venue provisions found in section 536.110(3) RSMo 1978 apply to this case and allow their cause to be maintained in either St. Charles County or Cole County at their option.

Section 536.110 provides:

1. Proceedings for review may be instituted by filing a petition in the circuit court of the county of proper venue within thirty days after the mailing or delivery of the notice of the agency's final decision.

\* \* \* \* \* \*

3. The venue of such cases shall, at the option of the plaintiff, be in the circuit court of Cole county or in the county of the plaintiff or of one of the plaintiff's residence or if any plaintiff is a corporation, domestic or foreign, having a registered office or business office in this state, in the county of such registered office or business office. The court in its discretion may permit other interested persons to intervene.

§ 536.110 RSMo 1978. Section 536.110(3) does allow a plaintiff to maintain an action in Cole County or in the county of plaintiff's residence; however, this section is subject to the provisions of section 536.100 RSMo 1978. Section 536.100 provides, in pertinent part:

Any person who has exhausted all administrative remedies provided by law and who is aggrieved by a final decision in a contested case, whether such decision is affirmative or negative in form, shall be entitled to judicial review thereof, as provided in sections 536.100 to 536.-140 . . . .

§ 536.100 RSMo 1978. Application of the venue provision found in section 536.110 is therefore limited to contested cases. A "contested case" involves a proceeding before an administrative agency in which legal rights, duties, or privileges of a party are required by law to be determined after hearing. *State ex rel. Maddox v. Garner,* 459 S.W.2d 40, 42–43 (Mo.App.1970); § 536.110(3) RSMo 1978. The underlying case is not a contested case. No statute required the relator hold a hearing to consider respondents' request; there is no indication the matter was handled as a contested case. There was no hearing; no evidence was taken; there was no "final order"; and there are no findings of fact or conclusions of law which are required in all contested cases. *Maddox,* 459 S.W.2d at 42–43. The special venue provision found in section 536.110(3) is not applicable in this case. The general venue rule applies to place the case in Cole County.

Accordingly, the preliminary writ of prohibition is made absolute.

All concur.