Charles R. JENISH,
Plaintiff-Respondent,

v.

Rodger C. WEAVER,
Defendant-Appellant.

No. 47880.

Missouri Court of Appeals,
Eastern District,
Division Four.

Sept. 4, 1984.

Lawrence F. Hartstein, Sommer & Hartstein, St. Louis, for defendant-appellant.

Charles R. Jenish, pro se.

GAERTNER, Presiding Judge.

Charles R. Jenish instituted this action in Small Claims Court pursuant to § 482.300 et seq. RSMo 1978. Denominated as defendants in the caption of the petition were Rodger C. Weaver and Mrs. Reah Weaver "as the last known officers of the Typehouse, Inc." After Jenish obtained a judgment against Rodger Weaver in the sum of $700 in Small Claims Court, Weaver appealed for a trial de novo. Rule 154.01. Weaver now appeals from the entry of judgment against him in the sum of $350 after the trial de novo. We affirm.

Weaver's sole point on appeal is that plaintiff did not make a submissible case because of the absence of any proof regarding the legal existence or non-existence of the Typehouse, Inc., or of Weaver's capacity as a last known officer of Typehouse, Inc. His attack is misdirected. "The caption is no part of the petition...." *Cook v. Wheeler*, 218 S.W. 929, 931 (Mo. App.1920). "Generally the body of the pleading, not the caption, determines the

parties necessary to the prosecution of the action." *Watson v. Watson,* 562 S.W.2d 329, 332 n. 2 (Mo. banc 1978). The character of a cause of action must be determined from the factual allegations of the pleading without regard to the caption or name assigned by the pleader. *State ex rel. Maddox v. Garner,* 459 S.W.2d 40, 45 (Mo.App. 1970). The petition alleged "On February 2, 1983, Rodger C. Weaver agreed to a five day severance pay of $700 which had not been paid to me." Plaintiff testified "I had been working for him [Rodger Weaver] for twenty months prior to this," and that on February 2, 1983, Weaver told him "I'm letting you go, Chuck, I'm giving you your vacation pay and five days severance pay." Weaver admitted making the statement and later recanting upon that part of his promise regarding severance pay. There was no variance between the allegations of the petition, the evidence or the judgment against Rodger C. Weaver without further description. Judgment affirmed.[1]

SMITH and STEPHAN, JJ., concur.

---

1. We agree with the observation of the Honorable Melvyn W. Wiesman who, as Chairman of the Missouri Supreme Court Small Claims Procedure Committee, wrote "Both the [Small Claims] Act and the Rules [Supreme Court Rules 140–155, Rules of Practice and Procedure in Small Claims Court] were designed to encourage persons who have potential claims against others in amounts of less than $500 [now $1,000] to file and litigate claims without the assistance of an attorney...." 32 J.Mo.Bar 421 (Sept. 1976). To this end, § 482.310(4) RSMo 1978 and Rule 147.03 impose upon the judge of the Small Claims Court the affirmative duty to assure that claims and defenses are fully presented. The fact that on appeal a trial de novo is to be governed by the practice in trials before Circuit Judges, § 512.310, RSMo 1978, does not abrogate this judicial responsibility. *To hold otherwise would effectively eviscerate* the clear intention underlying the Small Claims Act. Therefore, on a trial de novo of a small claim, especially where one or both parties are not represented by counsel, the trial judge should be actively involved in order to assure a full explication of substantive and procedural issues.