**Cynthia YOUNG, et al., Plaintiffs–Respondents,**

v.

**Joseph J. WILLIAMS, M.D., Defendant–Appellant.**

No. 58625.

Missouri Court of Appeals,
Eastern District,
Division Three.

Jan. 14, 1992.

Motion for Rehearing and/or Transfer to Supreme Court Denied Feb. 19, 1992.

Application to Transfer Denied
March 24, 1992.

Baldwin & Hess, Lawrence J. Hess, St. Louis, for defendant-appellant.

Fox, Goldblatt & Singer, Samuel A. Goldblatt, St. Louis, for plaintiffs-respondents.

PUDLOWSKI, Presiding Judge.

This is an appeal from the order of the Circuit Court of St. Louis County which sustained Plaintiffs Motion for New Trial in finding that the verdict in this medical malpractice action was against the weight of the evidence. We affirm.

A surgical/medical malpractice action was instituted against appellant Joseph Williams, M.D. by Cynthia and David Young, the respondents. Count I of respondents Second Amended Petition alleged personal injuries sustained by Cynthia Young as a result of Williams' negligence. Count II was filed on behalf of David Young based on the loss of consortium he suffered pursuant to Williams' negligence. The trial concluded with the jury returning two verdicts in favor of appellant Williams. On April 23, 1990, the trial judge duly entered two judgments in favor of appellant pursuant to the jury verdicts.

Subsequently, on April 26, 1990, respondents filed a pleading entitled *"Plaintiff's* motion for New Trial" in the Circuit Court. Said motion read in part, "Comes now *plaintiffs* Cynthia Young *and* David Young...." The trial judge heard respondents motion on May 15, 1990 and granted it on June 18, 1990, finding the *verdict* to be against the weight of the evidence.

Thereafter, appellant filed a motion to reconsider and vacate the order granting a new trial on June 22, 1990. Said motion was argued and overruled on June 28, 1990. A transcript on appeal of this particular hearing was separately prepared.

Subsequently, on August 27, 1990, respondents filed a Motion to Dismiss for Frivolous Appeal requesting this court to award them damages pursuant to Rule 84.-19. Said motion was taken with the case.

■ On appeal, appellant does not allege trial court error in granting a new trial on the ground that the verdict was against the weight of the evidence. Rather, appellant's first point alleges that Judge Weinstock, pursuant to Rule 2, Canon 3C(1)(a) of the Code of Judicial Conduct, should have disqualified himself from ruling on the motion for a new trial, because certain statements regarding appellant were made by the judge, which reasonably called into question his impartiality as to appellant.

Initially, we note that the trial court is afforded great discretion in ordering a new trial where the verdict is against the weight of the evidence. *Courtney v. City of Kansas City*, 775 S.W.2d 269, 272 (Mo. App.1989). The *Courtney* court recognized time honored Missouri precedent that the trial court's granting of a motion for new trial will not be disturbed on appeal unless "there is a manifest abuse of discretion by the trial court." *Id.* (Citation omitted). Further, if substantial evidence exists to support a verdict for the party to whom the new trial is granted, the appellate court will not interfere with such discretion. *Pitman v. State Farm Mutual Automobile Insurance Co.*, 714 S.W.2d 230, 231 (Mo.App.1986).

Appellant strenuously argues that Judge Weinstock manifestly abused his discretion pursuant to Supreme Court Rule 78.02 in granting a new trial because a verdict was against the weight of the evidence at the same time that Judge Weinstock failed to remain impartial toward appellant as mandated by Supreme Court Rule 2, Canon 3C(1)(a).

Appellant has not cited a single case where the appellate court was confronted with a situation in which the trial court

allegedly abused his discretion in ruling upon a motion for new trial because of bias or prejudice toward a party to the proceeding. Our research has revealed no cases. Nevertheless, we will proceed to address the issue raised by appellant.

The conduct of the trial judge called into question before us, concerns statements allegedly expressed by the trial judge that in his personal opinion the appellant was negligent, having sat through the entire trial expressionless and looking like a Nazi. This court has perused the entire trial transcript in an effort to locate where such remarks were made by the trial judge. We find none and there is no record that the statements were actually made.[1] Appellant's counsel for the first time in his motion for rehearing to vacate the order granting a new trial to respondents, directs the trial judge's attention to the alleged statements made by him.[2]

The trial court could not recollect specifically the context in which the alleged statement about appellant looking like a Nazi was made and stated "... if you felt that that was an expression by this Court that I was being impartial to the Plaintiff that's about the most ridiculous thing ... (it) would have nothing to do with my decision with regard to the case, whatever...."

Keeping this background information in mind, we examine Rule 2, Canon 3C(1)(a) which provides:

"C. Disqualification.

(1) A judge should disqualify himself in a proceeding in which his impartiality might reasonably be questioned, including but not limited to instances where:

(a) he has a personal bias or prejudice concerning a party...."

The obvious import of Canon 3 "is to promote public confidence in the judicial system by avoiding even the appearance of partiality." *Health Services Acquisition Corporation v. Liljeberg,* 796 F.2d 796, 801 (5th Cir.1986), aff'd, 486 U.S. 847, 108 S.Ct. 2194, 100 L.Ed.2d 855 (1988) [citation omitted].

Appellant cites to *State ex rel. Wesolich v. Goeke,* 794 S.W.2d 692 (Mo.App.1990) where the court extensively examined the test advocated by Canon 3, *supra.* Said the court:

... the test is not whether actual bias and prejudice exist, but whether a reasonable person would have factual grounds to doubt the impartiality of the court. Berry [*v. Berry*] 654 S.W.2d [155] at 164 [ (Mo.App.1983) ] (Dixon, J., concurring). If, on the record, a reasonable person would find an appearance of impropriety, the canon compels recusal. *Goeke, supra,* at 698.

Appellant asserts that sufficient factual grounds exist in the transcript, for a reasonable person to question the impartiality of Judge Weinstock, prior to his ruling on the motion for new trial. "What is 'reasonable' ... is hardly capable of a logical demonstration with which everyone must agree. The question is one of degree. The profusion of possible fact patterns is too great." *Little Rock School District v. Arkansas Bd. of Educ.,* 902 F.2d 1289, 1291 (8th Cir.1990).

On examining the transcript we are convinced that Judge Weinstock granted a new trial based solely on the evidence presented at trial. A reasonable person would not find the possibility of bias and prejudice to exist based solely on alleged statements made by the court to counsel. Were we to rule otherwise, then we would stifle normal human behavior to comment or express thoughts on a person's demeanor. "If 'lack of bias' or 'impartiality' are defined to mean the total absence of preconceptions in the mind of a judge, then no

---

**1.** Counsel vehemently asserts that circumstantial evidence exists that the trial court made the statements about the appellant prior to ruling on the motion for new trial. In support of this theory counsel states that respondents' counsel never denied that the court made the two disparaging or biased remarks concerning appellant.

**2.** The post-trial transcript demonstrates appellant's counsel's concern about the environment in which the trial court ruled that the verdict was against the weight of the evidence. Counsel suggests that the trial judge after making the statements "couldn't impartially or neutrally decide the question of whether or not from a factual standpoint the verdict was in deed (sic) against the weight of the evidence."

one has ever had a fair trial and no one ever will. The human mind is no blank piece of paper." *Goeke, supra,* at 697 (quoting *In re J.P. Linahan, Inc.,* 138 F.2d 650, 651–652 (2d Cir.1943)).

Accordingly, appellant's first point is denied in that the factual grounds did not exist and if they did exist do not reveal prejudice to display a fixed prejudgment and preclude a fair weighing of the evidence. *Goeke, supra,* at 698; *State v. Lovelady,* 691 S.W.2d 364 (Mo.App.1985).

█ In his second point, appellant argues trial court error in sustaining respondents motion for a new trial[3] as to one of two appellant's verdicts because such ruling by the court was improper and barred by the principal of collateral estoppel.

The trial court's order reads as follows: "Plaintiff's Motion for New Trial was heard and submitted. The Court finds the *verdict* was against the weight of the evidence and thus sustains said motion".

It is true that two verdicts were returned by the jury in the case at bar in favor of appellant. We disagree however, with appellant's contention that respondents sought to overturn just one verdict in their motion for a new trial. Perhaps appellant's counsel was confused by the nomenclature of the motion. The trial court's order reveals an evident technical error and is construed to sustain both verdicts according to the factual allegations of the pleading. *Jenish v. Weaver,* 676 S.W.2d 526, 527 (Mo.App.1984) citing *State ex rel. Maddox v. Garner,* 459 S.W.2d 40, 45 (Mo. App.1970). "Generally, the body of the pleading, not the caption, determines the parties necessary to the prosecution of the action". *Weaver, supra,* citing *Watson v. Watson,* 562 S.W.2d 329, 332 n. 2 (Mo. banc 1978). Appellant's second point is denied.

█ Finally, we examine whether the appeal is frivolous to entitle respondents to damages and sanctions under Rule 84.19. The court, in awarding damages for friv-

olous appeals, exercises great caution because it must not chill an appeal of even slight colorable merit. *Fornachon v. Fornachon,* 748 S.W.2d 705, 709 (Mo.App. 1988). A frivolous appeal justifying an award of damages is one which presents no justiciable question and is so devoid of merit that there is little prospect of success. *Id, See also Means v. Sears, Roebuck & Co.,* 550 S.W.2d 780, 789 (Mo. banc 1977). We addressed the issues raised by counsel above, which though unpersuasive, do not rise to the level of meritless contention contemplated by Rule 84.19. *Fornachon, supra* at 709. As a result, respondents request for damages for frivolous appeal are denied. The judgment of the trial court is affirmed.

STEPHAN and CRIST, JJ., concur.

---

3. PLAINTIFF'S MOTION FOR A NEW TRIAL

COMES NOW *plaintiffs,* Cynthia Young and David Young, and files this motion for a new trial, and state as follows:

1. That the *verdict* of the jury entered in the above entitled cause was against the weight of the credible evidence, despite there was substantial *uncontradicted* evidence that defendant lacerated Cynthia Young's femoral artery and vein, and fractured her femur and prepared ...