**Warulean BURTON, Respondent,**

v.

**BI–STATE DEVELOPMENT AGENCY, a Municipal Corporation; and James Rucks, Appellants.**

**No. 54927.**

Supreme Court of Missouri, Division No. 2.

May 10, 1971.

Motion for Rehearing or to Transfer to Court En Banc Denied June 14, 1971.

Samuel A. Goldblatt, St. Louis, for plaintiff-respondent.

Burton H. Shostak, St. Louis, for plaintiff-respondent, on the Appeal.

Francis J. Eyerman, St. Louis, for defendants-appellants.

BARRETT, Commissioner.

In this action by Warulean Burton for damages for personal injuries against Bi-State Development Agency and its bus driver, James Rucks, a jury by a 9 to 3 vote, returned a verdict in favor of the defendants. The trial court on motion granted plaintiff a new trial on the specified ground that prejudicial error had been committed in giving defendants' instruction 5 submitting plaintiff's contributory negligence. Thus upon defendants' appeal the sole question is whether the court erred in granting a new trial on the specified ground.

In view of the sole issue on appeal the circumstances need not be set forth in great detail. On June 5, 1967, the plaintiff, age 33, was driving a 1965 Ford west on Easton Avenue at a speed of 10 to 15 miles an hour as she approached signal lights at the Sheridan-Compton intersection. As she drove west she had first seen the bus in her rear-vision mirror "approximately maybe a block or two behind." The traffic light in Warulean's lane of traffic was "green" but, she says, that as she approached the signal light two or three school children, ages 7, 8 or 10, out of a group "running towards the north. * * * Well, they would have been running across me, if they had continued" and so she pressed her "brakes slowly, which I was going approximately ten to fifteen miles an hour, and I came to a stop" momentarily, perhaps for two seconds and had started forward again when the Bi-State bus, without warning, "pulled on the left side of me" and struck the rear of her automobile. The second time she saw the bus it was "two or three cars" to her rear and in her lane of traffic having just pulled out of a bus stop. The bus driver says that after the bus left its stop he saw the plaintiff's vehicle and others ahead, he saw the automobile when, according to him, it slowed the first time and so he "blew" his horn. He says that the automobile started again then it just made "a sudden stop" and he swerved to his left in an effort "to get away from it," nevertheless at a speed of 5 miles an hour the right front of his bus struck the left rear of Warulean's Ford.

In this background defendants caused the court to give instruction 5 which required a verdict in their favor upon the hypothesis that plaintiff "suddenly stopped her automobile *at a time when it was not reasonably safe to do so,* or suddenly decreased the speed of her automobile *at a time when it was not reasonably safe to do so."* The defendants insist that the court erroneously

granted plaintiff a new trial contending that it is a "proper declaration of substantive law" and in any event that the instruction was not prejudicially erroneous because there was no "fact issue of warning in this case and therefore the issue of a timely and adequate warning need not be presented." The latter argument is urged because MAI instructions 17.11 and 17.12 with respect to both "suddenly slowed" or "suddenly stopped" automobiles plainly require and include the essential element *"without first giving an adequate and timely warning of his intention to stop."* The respondent contends that the appropriate MAI instructions were 17.11 and 17.12 and obviously, therefore, instruction 5 was required: "shall be given to the exclusion of any other on the same subject." Civil Rule 70.01(b), V.A.M.R. The appellants claim that they have adapted and employed the MAI instruction relating to contributory negligence in general, 32.01 (28.01 in the first edition) despite the fact that it does not include the underscored language in instruction 5: "at a time when it was not reasonably safe to do so."

The appellants contend that the underscored language correctly submits the applicable substantive law and this argument is rather ingenuously distilled from the rules of the road relating to hand and mechanical signals, particularly RSMo 1969, § 304.019, V.A.M.S.: "No person shall stop or suddenly decrease the speed of or turn a vehicle from a direct course or move right or left upon a roadway unless and until *'such movement can be made with reasonable safety* and then only after the giving of an appropriate signal in the manner provided herein." In the first place, it will be noted that while using this statute as the source of their authority the appellants do not in terms follow and employ the language of the statute, omitting particularly any reference to signals. The appellants argue here as it has been argued in other cases that signalling by respondent was not an issue—"no fact or set of facts raised the issue of a signal or warning." The first difficulty with this contention is

that despite a very tedious examination and cross-examination through two volumes of record there was not a single question or answer directed to or concerning signals or signal lights on Warulean's automobile. There was an almost casual question addressed not to respondent or the bus driver, Rucks, but to a passenger on the bus "Could you see the tail lights on her automobile on?" And the answer of the witness was "To be truthful, I couldn't say." And so undeniably there was no proof as to whether the respondent's signal lights operated and certainly no question as to her giving a hand signal. Brassfield v. Sears, Mo., 421 S.W.2d 321; Knollman v. Kennedy, Mo.App., 429 S.W.2d 775, both holding instructions submitting unsupported findings of warnings to be prejudicially erroneous.

For their claim of a proper submission of "substantive law" the appellants rely on Reed v. Shelly, Mo.App., 378 S.W.2d 291 and McDaniels v. Hall, Mo.App., 426 S.W.2d 751. It is not necessary to again analyze and distinguish those cases, they were relied on and the identical argument was made and decided adversely to the appellants in Joly v. Wippler, Mo., 449 S.W.2d 565, 568: "We are of the definite opinion, and so rule, that the cases relied on would not authorize a deviation from an approved applicable form such as MAI 17.12 in this instance." There the court was considering a plaintiff's instruction that defendant "stopped her automobile on the traveled portion of the highway when it was not reasonably safe to do so" and as indicated the court held that the instruction was erroneous "because it was not in the words of the applicable approved instruction" for "submitting stopping on the highway." While decided prior to the adoption of MAI Tucker v. Blankenmeier, Mo., 315 S.W.2d 724 is also applicable if the appellants desired to submit their theory that appellant "cut in" and "shot the hole," thus eliminating failure to warn, because instruction 5 does not even purport to submit that theory. There as in later cases the court said, "the sudden slowing of an

automobile is not negligence unless the driver shall fail to give a reasonably adequate and timely warning of his intention to do so. * * * It would therefore necessarily follow that plaintiff could not be found guilty of contributory negligence in suddenly reducing the speed of his automobile unless the jury also found that he failed to give a reasonably adequate and timely warning of his intention so to do."

As indicated by the Joly, Tucker, Brassfield and Knollman cases and basically, Brown v. St. Louis Public Service Co., Mo., 421 S.W.2d 255, instruction 5 as given in this case was prejudicially erroneous and the court appropriately granted plaintiff-respondent a new trial for that reason. Accordingly the cause is affirmed and remanded.

STOCKARD, C., concurs.

PRITCHARD, C., not sitting.

PER CURIAM:

The foregoing opinion by BARRETT, C., is adopted as the opinion of the court.

All of the Judges concur.