Darryl SYKES, Plaintiff-Respondent,

v.

BI–STATE DEVELOPMENT AGENCY,
Defendant-Appellant.

No. 51009.

Missouri Court of Appeals,
Eastern District,
Division Ten.

Sept. 9, 1986.

James Edward Terry, St. Louis, for defendant-appellant.

Donald L. Schlapprizzi, Margaret M. Neill, St. Louis, for plaintiff-respondent.

STEPHAN, Presiding Judge.

Defendant-appellant Bi-State Development Agency appeals from a jury verdict in favor of plaintiff-respondent Darryl Sykes, on respondent Sykes' petition for personal injury and property damage incurred as the result of a vehicular collision. The jury awarded Sykes $4,500 for personal injuries

he sustained, and $900 for property damage to his car.

At approximately 11:00 a.m. on February 9, 1982, respondent Darryl Sykes was stopped in his automobile at a red traffic signal at the intersection of Delmar and Sarah. Sykes was in the westbound lane of Delmar next to the center of the street. A fire engine was in the intersection, blocking the westbound lane in which respondent was stopped. Appellant Bi-State's bus was located at the eastbound lane of Delmar, also stopped at the traffic signal at Sarah. When the light turned green, Sykes remained stopped because the fire truck was blocking his path. Bi-State's bus proceeded through the intersection, hit a patch of ice, and drifted to the left, hitting the left front fender of respondent's car. Sykes was jarred forward and backward by the impact, twisting as he reached across the front seat to restrain his wife. He did not report any injuries at the time of the accident. When Sykes arrived home after the accident, he developed a headache, then experienced pain in his neck and back. Thereafter Sykes contacted Dr. Trachte, a chiropractor, and received seventeen treatments over the course of the following three and a half years.

Appellant's grounds of alleged error, set out in the Points Relied On portion of its brief, are as follows:

I. The jury and trial court erred in awarding a verdict to plaintiff-respondent Sykes in that:

A. The jury and the trial court failed to give proper consideration to the weight of the evidence wherein there was no proof of damages and the jury did not consider the plaintiff's negligence;

B. The trial court failed to prevent plaintiff's attorney from reading the highly prejudicial city ordinance to the jury and into the record;

C. The trial court failed to give proper consideration to the judicial conduct and abuse which highly prejudiced the jury;

D. The trial court failed to properly instruct the jury in regard to potential future damages which the plaintiff could suffer and the trial court submitted to the jury an unapproved and improper verdict form for the jury to render a verdict upon.

Said verdict was so disproportionate as to be unconscionable and as a result constituted an abuse of discretion.

At the outset we note that the points relied on are in blatant violation of Rule 84.04(d). Appellant neither states what actions or rulings of the trial court were erroneous, nor cites any authority in support of its purported assignments of error, as required by the rule.

In addition, appellant's motion for new trial fails to preserve its allegations of error for review. Appellant's assignments of error, contrary to the directives of Rules 78.07 and 84.13(a), are vague, ambiguous, and fail to direct the attention of the trial court to the particular act or ruling of the court deemed to be erroneous. *See generally Bowman v. Burlington Northern, Inc.*, 645 S.W.2d 9, 11–12 (Mo.App.1982).

■ Having pointed out in general the deficiencies regarding appellant's preservation of error and the contents of its brief, we nevertheless attempt to address appellant's individual points. In its first point, Bi-State appears to be arguing that the verdict was against the weight of the evidence because the jury ignored evidence of respondent's negligence, and because there was no proof of damages. Bi-State supports its position in the argument portion of its brief by asserting that the jury did not consider respondent's testimony that he looked away from the road at a nearby fire prior to the impact. Whether this brief inattention of respondent amounted to negligence under the facts of this case was a question for the jury to decide, as it did when it assessed 100 percent of fault to appellant Bi-State. A jury verdict "will be sustained unless there is no substantial evidence to support it or it was against the weight of the evidence ..." *DeWitt v. American Family Mutual Insurance*

*Company,* 667 S.W.2d 700, 710 (Mo. banc 1984). There was substantial and uncontradicted evidence in the present case that respondent's car was completely stopped and within its lane of travel at the time of the accident. Appellant's argument is meritless.

■ The second part of appellant's first point asserts that respondent presented no proof of damages. In support of this contention appellant argues that because respondent did not experience any pain immediately after the accident, and because respondent's visits to his chiropractor were irregular, any pain suffered by respondent was therefore minimal and did not warrant the amount awarded by the jury. Such argument ignores the fact that respondent Sykes presented substantial evidence that his bill for chiropractic services up to the time of trial was $1,228. Sykes testified that he continued to suffer occasional pain in his head, neck, and back. In addition, Dr. Trachte testified that the type of injury respondent sustained is generally permanent, and would constitute a predisposition for problems from normal activity. The jury's award of $4,500 for personal injury was reasonable and was supported by substantial evidence. It is not the function of a reviewing court to weigh the evidence presented to a jury, or to determine the credibility of witnesses. An appellate court's function in this regard is limited to determining whether there was substantial evidence to support the verdict. *Powell v. Norman Lines, Inc.,* 674 S.W.2d 191, 195, 197 (Mo.App.1984). *See also Fowler v. Daniel,* 622 S.W.2d 232, 235–236 (Mo.App. 1981).

With regard to proof of damages on respondent's claim for property damage, appellant in its motion for new trial asserts that it "was erroneously denied the right to impeach [respondent] by illustrating the cost of repair." In its brief, however, appellant merely complains that respondent's estimate of his car's reduction in value was insufficient. The contention is without merit.

■ The measure of property damages in an automobile accident case is the difference in fair market value before and after the accident. *Hughey v. Graham,* 604 S.W.2d 626, 632 (Mo.App.1980). Respondent Sykes testified to the condition of his car prior to the accident, and to the damage it sustained in the accident. He estimated the value of his car before the collision to be $2,500 to $2,700, and stated that the value of his car after the collision was about $1,800. This evidence was sufficient. *Henderson v. Smith,* 643 S.W.2d 882, 884 (Mo.App.1982). If appellant did not agree with respondent's estimate, it was free to present its own evidence as to the reduction in fair market value of respondent's car.

■ Appellant's second point alleges that the trial court erred in allowing respondent's attorney to read a city ordinance to the jury and into the record, arguing that the reading of the ordinance may have played "an inappropriately large role in the final verdict." The ordinance states in part that, "Upon all roadways of sufficient width, a vehicle shall be driven upon the right half of the roadway ..." At trial, counsel for appellant expressed reservations about the materiality and relevancy of the ordinance, but stipulated to its authenticity and made no objection to its being read to the jury. The point was not raised in appellant's motion for new trial, thus the trial court never had an opportunity to rule on the issue or to correct any error that might have been made. This is the very purpose for which Rules 78.07 and 84.13(a) were designed. *Bowman v. Burlington Northern, Inc.,* 645 S.W.2d 9, 13 (Mo.App.1982). The Rules must be strictly enforced. *Id.* Thus, appellant has not preserved its second point for review, and we will not consider it.

■ Appellant's third point contends that the conduct of the trial court judge prejudiced the jury. In support thereof appellant cites two instances of conduct which it complains was prejudicial. The first instance involved allegedly objectionable opinion testimony given by respondent

on cross-examination concerning the severity of the impact. Appellant objected and asked that the jury be instructed to disregard the comment. A review of the record reveals that the trial court did not rule on the objection; rather, with no apparent pause, counsel for appellant continued his cross-examination. It is the responsibility of the objecting party, however, to insure that the trial judge has heard and ruled on an objection. *Welch v. Welch*, 633 S.W.2d 447, 449 (Mo.App.1982). If this is not done, nothing is preserved for review. *Hicks v. Smith*, 696 S.W.2d 855, 857 (Mo.App.1985).

■ Appellant also asserts that the trial judge suggested to counsel for respondent that she change the hypothetical question to Dr. Trachte so as to employ the term "chiropractic certainty" rather than "medical certainty." During the course of a general sidebar discussion among counsel and the trial judge concerning the propriety of various aspects of the hypothetical question, the judge simply observed that, since Dr. Trachte is a chiropractor, "maybe you ought to say 'chiropractic'" (certainty). Appellant's counsel did not object to the court's observation when it was made and voiced only a general objection to the hypothetical question when it was restated to conform to the court's ruling on the other objections. Similarly, the point was not preserved in the motion for new trial. Rule 78.07. In any event, we perceive no error in the court's comment. Although a trial court may not dictate trial strategy, it may rule on matters so that "trial tactics and strategy of counsel might be curtailed or directed into appropriate avenues to achieve a proper end." *Wilkins v. Cash Register Service Company*, 518 S.W.2d 736, 750 (Mo.App.1975).

■ Appellant's last point claims the jury was improperly instructed on potential future damages and was given an improper verdict form. Neither contention was presented in appellant's motion for new trial and is therefore not preserved for review. Rules 78.07 and 84.13(a). *See Bowman v. Burlington Northern, Inc.*,

645 S.W.2d at 13. Additionally, the text of the instruction challenged is not contained in appellant's brief, in violation of Rule 84.04(e) and, therefore, is not presented for review. *Barron v. Missouri-Kansas-Texas Railroad Company*, 696 S.W.2d 338, 341 (Mo.App.1985).

■ Finally, we address respondent Sykes' request that this Court award damages for frivolous appeal under Rule 84.19. Respondent argues that there was no legitimate basis for appeal, appellant did not preserve any of its points on appeal, and the appeal was taken in bad faith to delay payment of the judgment. In order to award damages for frivolous appeal it must be shown that no justiciable question has been presented and the appeal is so readily recognized as devoid of merit on the face of the record that there is little prospect of success. *Bowman v. Burlington Northern, Inc.*, 645 S.W.2d 9, 13 (Mo.App. 1982). We believe the circumstances present here justify an award of damages.

Appellant's contentions in this appeal are not preserved for review, and are not supported by law or evidence. As noted earlier in the opinion, appellant's points on appeal do not indicate wherein and why the trial court erred, nor are cases cited to support appellant's propositions. Rule 84.-04(d). The few cases cited in the argument portion of appellant's brief in no way aid its position. The point alleging instructional error fails to comply with the requirements of Rule 84.04(e). Virtually all of appellant's points are inadequately preserved in its motion for new trial. Rules 78.07 and 84.13(a). We conclude that an award of $750 for frivolous appeal is warranted in this case. *Cf. Hicks v. Smith*, 696 S.W.2d 855, 857 (Mo.App.1985).

The judgment of the trial court is affirmed, but the cause is remanded to the trial court with directions to enter a judgment against appellant Bi-State and in favor of respondent Sykes in the amount of $750 as damages for frivolous appeal.

SIMON and KELLY, JJ., concur.