Larry A. BURNS, Plaintiff–Respondent,

v.

DeWITT & ASSOCIATES, INC., Defendant–Appellant.

No. 17674.

Missouri Court of Appeals, Southern District, Division Two.

March 25, 1992.

Lynn C. Rodgers, Hall, Ansley, Carmichael & Gardner, Springfield, for plaintiff-respondent.

David R. Buchanan, Scott S. Bethune, Brown & James, P.C., Kansas City, for defendant-appellant.

MAUS, Judge.

Larry A. Burns (Burns), an architect, brought this action against DeWitt & Associates (DeWitt), a construction company, to recover attorneys' fees Burns incurred in defending a lawsuit for personal injuries, brought by an employee of a subcontractor. The action was based upon an Indemnification clause of a construction contract. The trial court entered summary judgment in favor of Burns for $8,406.72. DeWitt appeals. The following is a summary of the dispositive facts established by the evidentiary material.

High Point Shopping Center, Inc., entered into a contract with DeWitt for the construction of a new Consumers Market. Burns–Foster Architects, (Burns–Foster), a partnership, was the architectural firm for this project. The American Institute of Architects' "Standard Form of Agreement Between Owner and Contractor" included the following General Condition.

## "4.18  INDEMNIFICATION

4.18.1  To the fullest extent permitted by law, the Contractor shall indemnify and hold harmless the Owner and the Architect and their agents and employees from and against all claims, damages, losses and expenses, including but not limited to attorneys' fees, arising out of or resulting from the performance of the Work, provided that any such claim, damage, loss or expense (1) is attributable to bodily injury, sickness, disease or death, or to injury to or destruction of tangible property (other than the Work itself) including the loss of use resulting therefrom, and (2) is caused in whole or in part by any negligent act or omission of the Contractor, any Subcontractor, anyone directly or indirectly employed by any of them or anyone for whose acts any of them may be liable, regardless of whether or not it is caused in part by a party indemnified hereunder. Such obligation shall not be construed to negate, abridge, or otherwise reduce any other right or obligation of indemnity which would otherwise exist as to any party or person described in this Paragraph 4.18."

Johnny Grubb, an employee of Western Fireproofing Company, a roofing subcontractor, while working on construction of the new Consumers, fell from the roof sustaining injuries. Johnny Grubb and his wife brought suit for his personal injuries and her loss of consortium in twenty-two separate counts against High Point, various owners of the real property, Consumers Market, Inc., Industrial Development Authority of Osage Beach, Missouri, Helton Construction Company, Inc., and Burns–Foster. Plaintiffs Grubb in Counts XIX and XX, alleged Burns–Foster was negligent in:

"a.  That [Burns–Foster] failed to properly supervise the construction of the building which they designed.

b.  That [Burns–Foster] failed to take reasonable action to ensure that adequate precautions were taken to protect workers, including Plaintiff, from injuries while working, at a height of twenty feet and over."

Burns–Foster's motion for summary judgment in the Grubb action was sustained.

Burns–Foster architectural firm subsequently dissolved. Larry Burns then brought this action to recover attorneys' fees incurred as a result of having defended the Grubb action. Burns alleged he was entitled to recover those fees pursuant to the contractual provision labeled "Indemnification".

By its answer, DeWitt alleged it did not know Burns' residence, admitted it was a corporation and denied the remainder of the allegations of the petition. DeWitt alleged three affirmative defenses. They were failure to state a cause of action, failure to join an indispensable party and Burns' "failure to comply with and abide by the terms and conditions of the contract."

By its answers to interrogatories, DeWitt specified that the indispensable party not joined was Western Fireproofing Company of Kansas, Inc. DeWitt further specified Burns failed to abide by the contract in

that he "failed to timely tender defenses to DeWitt & Associates, Inc. in the underlying *Grubb* case."

Burns filed twenty-one "Requests for Admissions to Defendant". Generally speaking, those requests covered every fact required to support Burns' petition and right to recover. DeWitt admitted requests 1 through 20. In response to Request 21, DeWitt denied the conclusion that Burns was entitled to indemnification under the Indemnification provision of the construction contract. As stated, the trial court entered a summary judgment for Burns. DeWitt has attempted to state three points on appeal.

■ DeWitt's first point is:

"The trial court erred in granting summary judgment in favor of respondent Burns and against appellant DeWitt because there exists a genuine issue of material fact as to whether or not the claim presented by respondent Burns is one which is eligible for indemnification under the provisions of the indemnification clause contained in the general conditions of the contract for construction."

Rule 84.04(d) requires points relied on to "state briefly and concisely what actions or rulings of the court are sought to be reviewed and wherein and why they are claimed to be erroneous...." This point obviously does not state "wherein and why" Burns' claim is not eligible for indemnification.

"So stated, plaintiff's points are mere abstract, conclusionary observations which totally fail to state wherein and why the trial court erred in granting summary judgment and what issue of fact precluded entry of the judgment." *Blanks v. Cantwell*, 578 S.W.2d 349, 350 (Mo.App.1979).

DeWitt's first point, as stated, preserves nothing for appellate review. Cf. *Blanks v. Cantwell*, supra. Also see *Miller v. Guze*, 820 S.W.2d 576 (Mo.App.1991).

■ DeWitt is not aided by looking to its argument under this point. That argument is premised upon the proposition that Counts XIX and XX alleged Burns "was a separate defendant in this case sued independently for various acts or omissions which constituted its own negligence." Therefore, DeWitt argues, the Grubb claims did not arise "from the performance of the work" and was not "caused in whole or in part by any negligent act or omission of the Contractor" as required by the Indemnification clause.

DeWitt's isolation on two counts of the 22–count petition is misplaced for two reasons. In this action the Grubb petition is evidentiary material. It defines the Grubb claims which Burns–Foster was required to defend and which resulted in the attorneys fees. In determining if the Grubb claims fall within the ambit of the Indemnification clause the entire Grubb petition must be considered. That petition makes it evident Grubb fell during the construction of the building, "the performance of the work". The petition also alleges the fall was the fault of the general contractor, as well as Burns–Foster.

Moreover, Burns' Requests for Admissions included the following.

"12. That at the time of his injury, Johnny Grubb was employed by Western Fireproofing Company.

13. That at the time of the injury of Johnny Grubb, Western Fireproofing Company was a subcontractor of defendant as defined in the contract attached to plaintiff's Petition as Exhibit 'A'.

14. That any injuries sustained by Johnny Grubb were caused in whole or in part by the negligent act or omission of either Johnny Grubb, defendant, Western Fireproofing Company, or some other subcontractor."

DeWitt's response to each request was "Admitted". Even if preserved for review, DeWitt's argument under its first point is without merit.

■ DeWitt's second point is:

"The trial court erred in granting summary judgment in favor of respondent

Burns and against appellant DeWitt because there exists a genuine issue of material fact as to whether or not the indemnification clause in the general conditions of the contract for construction contains such clear and unequivocal language which would allow the firm of Burns–Foster Architects to be indemnified for its own negligence."

This point fails to suggest "wherein and why" the language of the indemnification clause does not in clear and unequivocal language allow Burns–Foster Architects to be indemnified for its own negligence. Again, this point preserves nothing for appellate review. *Blanks v. Cantwell,* supra.

A gratuitous consideration of the argument under the second point does not aid DeWitt. That argument consists of general abstract statements. It does not point to any ambiguity which makes the language of the Indemnification clause less than clear and unequivocal. Nor does DeWitt cite any authority involving that clause or similar language. Similar language was found to be enforceable in *Missouri Pacific Road Company v. Rental Storage and Transit Company,* 524 S.W.2d 898, 908 (Mo.App.1975). DeWitt's second point is denied. Cf. *Bopp v. Spainhower,* 519 S.W.2d 281 (Mo. banc 1975).

■ DeWitt's final point is that "a genuine issue or material fact exists as to whether or not all the proper and necessary parties-plaintiff have been joined to bring a suit for indemnification." The essence of this point, which is also inadequately stated, found in DeWitt's argument, is "in this action, there is no evidence that respondent Burns personally incurred any of the expenses for which reimbursement is being sought in this action or that it was a properly chargeable partnership expense." However, the record reveals that plaintiff Burns requested defendant DeWitt to admit "that plaintiff incurred attorney's fees in the amount of $8,406.72 in defense of the action brought by Johnny Grubb." DeWitt admitted that plaintiff did indeed incur

those attorneys' fees. DeWitt cannot now contend there is a question as to whether or not Burns did incur those attorneys' fees. DeWitt's final point has no merit.

■ Burns has filed a "Motion for Damages for Frivolous Appeal" under Rule 84.-19. The standard by which the merits of that motion should be measured is well-established and often repeated.

"A frivolous appeal presents no justiciable question and, on the face of the record, has no merit and thus holds little prospect for success. *Means v. Sears, Roebuck and Co.,* 550 S.W.2d 780, 789 (Mo. banc 1977)." *White v. Mid–Continent Investments, Inc.,* 789 S.W.2d 34, 41 (Mo.App.1990).

Also see *Chrysler Credit Corp. v. Keeling,* 793 S.W.2d 222 (Mo.App.1990); *McKim v. Sears Rodeo Ass'n, Inc.,* 789 S.W.2d 217 (Mo.App.1990); *Sykes v. Bi–State Development Agency,* 716 S.W.2d 856 (Mo.App. 1986).

■ Of course, in applying that standard, the focus should be upon the prospect for success of an appeal considering the record made in the trial court. However, that record may disclose that an appellant in the trial court raised issues wholly unsupported by the facts or obviously contrary to legal principles. Such actions in the trial court are relevant as bearing upon the appellant's evaluation of the prospects of the success of an appeal.

■ An appropriate consideration in applying the quoted standard is whether or not an appellant has preserved error by stating points in accordance with Rule 84.-04(d). Cf. *Sykes v. Bi–State Development Agency,* supra. Perhaps more important is the absence of the citation of facts from the record and authorities to support the points and argument. *Hicks v. Smith,* 696 S.W.2d 855 (Mo.App.1985). Cf. *Woodley–Griggs Boiler Repair, Inc. v. Sanders,* 626 S.W.2d 410 (Mo.App.1981).

■ Also important are factors which tend to demonstrate an appellant's determi-

nation to pursue a non-meritorious appeal in spite of little possibility for success. Among such factors are the following. Allegations in a petition or a responsive pleading in the trial court that are contrary to the pleader's admissions. Failure to preserve error by appropriate objection or pleading in the trial court. *Bowman v. Burlington Northern, Inc.*, 645 S.W.2d 9 (Mo.App.1982). An inadequate statement of a point on appeal in violation of Rule 84.04(d). *Sykes v. Bi–State Development Agency*, supra. An argument based on facts or conclusions contrary to admissions of an appellant. *McKim v. Sears Rodeo Ass'n, Inc.*, supra; *Woodley–Griggs Boiler Repair, Inc. v. Sanders*, supra.

■ The development of this case establishes a number of those factors. DeWitt pleaded that Burns was barred from recovery for failure to join Western Fireproofing Company of Kansas, Inc. as an indispensable party. That contention was obviously abandoned. DeWitt further pleaded that Burns was barred from recovering because he failed to tender the defense of the Grubb case to DeWitt. Yet, DeWitt's admissions included the following.

"16. That [DeWitt] was represented by Attorney Dan Simon in the action brought by Johnny Grubb.

17. That Burns–Foster Architects was represented by Attorney Jeffrey O. Parshall in the action brought by Johnny Grubb.

18. That demand was made upon Dan Simon, Esq., for a defense of the action brought by Johnny Grubb, pursuant to the provisions of the contract attached to plaintiff's Petition as Exhibit 'A'.

19. That Jeffrey O. Parshall, Esq., made demand on Dan Simon, Esq., by letter dated November 29, 1990, for indemnification and reimbursement of attorneys' fees and associated expenses in the sum of Eight Thousand Four Hundred Six and 72/100 ($8,406.72) Dollars."

DeWitt's points on appeal fail to state "wherein and why" the trial court erred and preserve nothing for review. Also, DeWitt argues that Grubb's injury did not arise from the performance of the work. Yet, his admissions in response to Requests 12, 13 and 14, quoted supra, establish the contrary. DeWitt abstractly states that a "genuine issue of material fact exists as to whether or not all the proper and necessary parties-plaintiff have been joined to bring a suit for indemnification." Yet, in its brief, DeWitt makes the following acknowledgment. "Upon dissolution of the partnership, a co-partner may be entitled to reimbursement of all payments made and obligations personally incurred by that co-partner in the ordinary and proper operation of the firm business." In respect thereto, DeWitt's admissions include the following.

"8. That Burns–Foster Architects has been dissolved.

\* \* \* \* \* \*

15. That plaintiff incurred attorneys' fees in the amount of Eight Thousand Four Hundred Six and 72/100 ($8,406.72) Dollars in defense of the action brought by Johnny Grubb.

\* \* \* \* \* \*

20. That defendant has not paid all or any portion of the attorneys' fees or other expenses associated with the defense of plaintiff in the action brought by Johnny Grubb."

When considered as a whole, the record demonstrates DeWitt was disposed to appeal in spite of "little prospect for success". This Court has considered the record on appeal and the absence of substantial issues to be refuted. It determines that an award of damages for DeWitt's frivolous appeal in the amount of $2,500.00 is reasonable. The judgment of the trial court is affirmed. Judgment is entered in favor of Burns and against DeWitt for $2,500.00, pursuant to Rule 84.19.

FLANIGAN, C.J., and MONTGOMERY, J., concur.