Leslie Ann HAWTHORNE, Respondent,

v.

Catherine Christine HILLS, Defendant,

Thomas Lysinger, Appellant.

No. WD 45878.

Missouri Court of Appeals,
Western District.

Sept. 14, 1993.

Charles E. Weedman, Jr., Christopher J. Molzen, Crouch, Spangler & Douglas, Harrisonville, for appellant.

J. Kirk Rahm, Rahm, Rahm, Koenig & McVay, P.C., Warrensburg, for respondent.

Before BERREY, P.J., and ULRICH and SMART, JJ.

ULRICH, Judge.

Thomas Lysinger appealed the judgment, pursuant to jury verdict, in favor of Leslie Ann Hawthorne. The jury awarded Ms. Hawthorne $150,000 for damages she sustained as a result of an automobile accident on August 9, 1988, in Henry County. Ms. Hawthorne was riding as a passenger in a vehicle driven by co-defendant Catherine Hills when the vehicular accident occurred. The vehicle driven by Mr. Lysinger was struck in the rear by the vehicle driven by Ms. Hills. Both vehicles were traveling westbound on Missouri Highway 7.

On January 19, 1993, this court dismissed Mr. Lysinger's appeal as untimely. The trial court's judgment was final on January 22, 1992. Pursuant to Rule 84.04(a), Mr. Lysinger was compelled to file his notice of appeal not later than ten days after the judgment appealed from became final. *State ex rel. Charter Bank of Jennings v. O'Toole*, 638 S.W.2d 321, 322 (Mo.App.1982). Notice of appeal was filed February 3, 1992, and was ruled not to have been timely filed.

Mr. Lysinger filed his motion for rehearing pursuant to Rule 84.17 and asked the court to reconsider its decision of January 19, 1993, noting that February 1, 1992, was a Saturday. Therefore, pursuant to Rule 44.-01(a), the last day for filing his notice of appeal was Monday, February 3, 1992. Mr. Lysinger's analysis and conclusion that he complied with Rule 44.01(a) and that his notice of appeal was timely filed is correct, and his motion for rehearing is granted without reargument. This court's opinion of January 19, 1993, is vacated and withdrawn, and this opinion is entered.

Mr. Lysinger contends that no evidence was presented to support submission of the verdict finding instruction drafted pursuant to MAI 17.11 and 17.12 and, specifically, that no evidence was presented at trial demonstrating a causal connection between the allegation that Mr. Lysinger failed to signal his intention to stop or slow and Ms. Hawthorne's injuries. Mr. Lysinger claims submission of the instruction and failure to grant a directed verdict was error. Ms. Hawthorne claims that Mr. Lysinger failed to timely file his motion for a new trial and that he also failed to timely file his notice of appeal.[1]

Leslie Hawthorne and Susan Anderson were riding as passengers in the front seat of the vehicle driven by Catherine Hills on August 9, 1988. The vehicle was being driven westbound on Missouri Highway 7 near Clinton, Henry County. Thomas Lysinger was driving a blue pickup truck, also westbound on Highway 7, in front of the vehicle driven

---

1. Ms. Hawthorne's claim that Mr. Lysinger filed his notice of appeal untimely has been discussed briefly in the history of the case, is given no additional attention, and is denied.

by Ms. Hills. Mr. Lysinger was the single occupant of the vehicle he was driving. The pavement was wet due to rain which had fallen earlier.

Approximately a quarter of a mile west of Mr. Lysinger on Highway 7, a black Mercury vehicle driven by Beverly Burton had stopped in the westbound lane of traffic. Ms. Burton was awaiting eastbound Highway 7 traffic to pass her location in order that she could turn left across the eastbound lane into a private driveway. The first vehicle to the rear of Ms. Burton's stopped vehicle was the vehicle driven by Scott Shoemaker, also traveling westbound on Highway 7. Mr. Shoemaker observed Mr. Lysinger's pickup truck approaching in the westbound lane approximately forty yards to the rear of his vehicle. Mr. Shoemaker, fearing that Mr. Lysinger's vehicle would collide with his vehicle, passed the Burton vehicle on the right side. Mr. Shoemaker testified that he observed the front tire of the Lysinger truck slip on the wet surface of the highway, and he heard the Lysinger truck tires squeal. Mr. Shoemaker saw the Hills vehicle strike the rear of the Lysinger pickup truck. The Lysinger vehicle struck the stopped Burton vehicle either immediately before or after the vehicle driven by Catherine Hills struck the Lysinger pickup truck.

When Susan Anderson realized that a collision between the Hills vehicle and the rear end of the Lysinger vehicle was imminent, she and Ms. Hills looked at each other, each made a statement, and each returned her attention to the vehicle in front of them. Ms. Hawthorne, although not observing the traffic, looked in front of the Hill vehicle immediately prior to the collision and closed her eyes. Ms. Hills was operating her vehicle four car lengths behind the Lysinger vehicle when she first realized a collision was imminent.

Corporal Ron Walker, Missouri Highway Patrol, arrived at the scene to investigate the accident soon after the collision. Corporal Walker testified that he tested the brake lights of the Lysinger vehicle at the scene of the accident and they worked properly. None of the three witnesses riding in the Hills vehicle could testify whether they observed the brake lights on the Lysinger vehicle radiate immediately prior to the accident.

## I.

Ms. Hawthorne claims that Mr. Lysinger failed to preserve any issue for appellate review, contending that he failed to timely file his motion for a new trial within the fifteen days after the jury's verdict. The jury verdict was rendered October 9, 1991. The judgment was entered October 12, 1991. The motion for a new trial was mailed by Mr. Lysinger's attorney to the clerk of the circuit court on October 23, 1991. Although the clerk received the motion for filing on October 24, 1991, the motion for a new trial was officially filed by the clerk's office on October 25, 1991. Rule 78.04 states:

> A motion for a new trial shall be filed not later than fifteen days after the entry of the judgment on a jury verdict, which judgment shall be entered as of the date of the verdict, except as provided by Rule 74.01. If a timely motion for a new trial or for judgment notwithstanding the verdict is filed, the judgment is not final until disposition of all such motions.

The final jury verdict, not the mere ministerial act of recording the judgment entry, triggers the running of the fifteen-day time limitation for filing a new trial motion. *Mosher v. Levering Inv., Inc.,* 806 S.W.2d 675, 676 (Mo. banc 1991); *Ryan v. Parker,* 812 S.W.2d 190, 192 (Mo.App.1991). To preserve error for appellate review, with limited exception, allegations of error must be included in a motion for a new trial. Rule 78.07. Failure to timely file a motion for a new trial preserves nothing for appellate review. *Esry v. Esry,* 628 S.W.2d 700, 703 (Mo.App.1982). Thus, the filing of the motion for a new trial on October 25, 1991, one day in excess of the time permitted for filing the motion pursuant to Rule 78.04 would ordinarily render the motion untimely. However, the motion was received for filing in the clerk's office on October 24, 1991, the last day the motion could be timely filed.

The Supreme Court of Missouri in *Stephan v. World Wide Sports, Inc.,* 502 S.W.2d 264 (Mo.1973), considered a similar situation. In *Stephan,* the plaintiff had filed a motion for a

new trial in the circuit clerk's office within the time limit for filing the motion. The original motion was misplaced in the clerk's office and the circuit court did not have the original before it the day the motion was argued. The court did have a copy of the motion. The Court said that "the day the motion was received in the clerk's office, the court obtained jurisdiction. Rule 43.01(j), now Rule 43.01(h), V.A.M.R. This jurisdiction continued until the motion for a new trial was ruled on no matter what happened to the original motion." *Id.* at 269.

In this case, although the motion for a new trial was received for filing by the circuit clerk on October 24, 1991, the last day the motion could be filed, the clerk did not file the motion until the next day, October 25. Applying the rationale of *Stephan*, the circuit court obtained jurisdiction to consider the motion for a new trial when the motion was delivered to the circuit clerk's office and received by the clerk for filing, and the court's jurisdiction continued until January 22, 1992, ninety days following October 24, 1991, the date considered the filing date. Rule 78.04. Ms. Hawthorne's claim that Mr. Lysinger failed to timely file his motion for a new trial is denied.

## II.

As his first point on appeal, Mr. Lysinger contends the trial court erred in giving Instruction No. 7, patterned after MAI 17.11 and 17.12, claiming plaintiff failed to present substantial and credible evidence that Mr. Lysinger had suddenly stopped his vehicle or suddenly slowed his vehicle without first giving adequate and timely warning. Instruction No. 7 was as follows:

Your verdict must be for plaintiff on her claim against defendant Thomas Lysinger if you believe:

First, defendant Thomas Lysinger's suddenly slowed or suddenly stopped his vehicle on the highway without first giving an adequate and timely warning of his intention to slow or stop, and

Second, defendant Thomas Lysinger was thereby negligent, and

Third, such negligence either directly caused damage to plaintiff or combined with the acts of defendant Catherine Christine Hills to directly cause damage to plaintiff.

Instruction No. 7 submits in the disjunctive two assignments of negligence. Paragraph first submits that Mr. Lysinger suddenly slowed or suddenly stopped his vehicle on the highway without first giving an adequate and timely warning of his intention to slow or stop. When an instruction submits in the disjunctive two or more assignments of negligence, the instruction is erroneous unless the evidence is sufficient to support all of the assignments. *Ensor v. Hodgeson*, 615 S.W.2d 519, 523 (Mo.App. 1981). Thus, for the judgment to be affirmed, substantial evidence must have been introduced from which the jury could reasonably find that Mr. Lysinger suddenly slowed or suddenly stopped his vehicle on the highway without first giving an adequate or timely warning of his intention to slow or stop. See *Knollman v. Kennedy*, 429 S.W.2d 775, 778 (Mo.App.1968).

Catherine Hills testified she was driving her vehicle westbound on Highway 7 at approximately 55 miles per hour, six to seven car lengths behind Mr. Lysinger's pickup truck shortly before the accident occurred. She observed a Blazer automobile to the front of Mr. Lysinger's vehicle as it exited the highway from the westbound lane of traffic onto the shoulder to the right of the road. When she observed the Blazer vehicle exit the road, she was approximately four car lengths behind the Lysinger vehicle. She observed this incident approximately one or two seconds before the accident. When she redirected her attention to the Lysinger truck, she applied the brakes of the vehicle she was driving and unsuccessfully tried to avoid striking Mr. Lysinger's vehicle by swerving onto the right shoulder. She testified that she did not see "any kind of brake lights or tail lights on the back end of the Lysinger vehicle before the accident." She does not know whether the brake lights on the Lysinger vehicle were activated.

Susan Anderson was a passenger in the front seat of Catherine Hills' vehicle. She observed the red westbound Blazer suddenly

drive off the highway onto the shoulder to the right. She testified that the time which passed when the red Blazer turned onto the right shoulder until the collision was "just quick." She also testified that Mr. Lysinger's pickup truck immediately in front of the Hills vehicle collided with another vehicle to his immediate front before Ms. Hills' vehicle struck Mr. Lysinger's pickup truck in the rear.

Mr. Lysinger contends that adequate warning of his intention to slow or stop his automobile was demonstrated if his rear brake lights were activated when he slowed or stopped the vehicle. Mr. Lysinger relies on *Burton v. Bi–State Development Agency*, 468 S.W.2d 4 (Mo.1971). In *Burton*, the Court considered whether the trial court erred in granting a new trial in a case involving an automobile accident in which a bus struck the rear of the vehicle driven by plaintiff. The bus driver claimed that the automobile driven by plaintiff made "a sudden stop." *Id.* at 5. The verdict favored the defendant, the trial court granted plaintiff's motion for a new trial, and defendant appealed. The appellate court stated, "There was no proof as to whether [plaintiff's] signal lights operated and certainly no question as to her giving a hand signal." *Id.* at 6. Thus, Mr. Lysinger contends, "reasonably adequate" warning of his intention to slow or stop was provided by activation of the rear brake lights of his pickup truck. Mr. Lysinger testified that the brake lights on his pickup truck were not damaged by the collision and that they worked before and after the accident.

Mr. Lysinger's reliance on *Burton* is misplaced. *Burton* does not hold that adequate warning of one's intent to slow or stop on a highway is given if the rear signal lights of the vehicle being driven operate when activated. Instruction No. 7 requires that to find for the plaintiff, the jury must find in paragraph first that "adequate and timely" warning were not given. Even if the rear signal lights of the Lysinger vehicle worked properly when activated, this fact by itself does not mean that, as a matter of law, "adequate and timely warning of [Mr. Lysinger's] intent to slow or stop" was given.

The evidence introduced was sufficient to submit the question of fact to the jury. Mr. Lysinger's point I is denied.

### III.

■ As his second point, Mr. Lysinger contends that the trial court erred in giving instruction No. 7 because no evidence was introduced at trial which demonstrated a causal connection between Mr. Lysinger's alleged failure to signal his intention to stop or slow and Ms. Hawthorne's damages. Specifically, Mr. Lysinger claims that neither Ms. Hawthorne nor co-defendant Ms. Hill could have seen him signal his intent to slow or stop the vehicle he was driving because neither of them were looking at his vehicle prior to the collision.

As determined in the previous point, substantial evidence was presented for the jury to conclude that Mr. Lysinger "suddenly slowed or suddenly stopped his vehicle on the highway without giving an adequate and timely warning of his intention to slow or stop." Therefore, this point only involves the question of whether substantial evidence was introduced that Mr. Lysinger's negligence proximately caused the injuries sustained by Mr. Hawthorne as submitted in paragraph third of Instruction No. 7.

To determine whether Instruction No. 7 was supported by substantial evidence, this court must view the evidence and inferences in the light most favorable to Ms. Hawthorne and disregard all contrary evidence and inferences. *Cowan v. Perryman*, 740 S.W.2d 303, 304 (Mo.App.1987). Ms. Hawthorne is entitled to the benefit of Mr. Lysinger's evidence favorable to her and not contradicted by her evidence or her theory of the case. *Id.* If the evidence presented "leaves the element of causal connection in the nebulous twilight of speculation, conjecture and surmise, the burden was not met and the judgment cannot stand." *Pringle v. State Highway Comm'n*, 831 S.W.2d 735, 737 (Mo.App. 1992), (citation omitted).

Mr. Lysinger cites *Brassfield v. Sears*, 421 S.W.2d 321 (Mo.1967), and *Knollman v. Kennedy*, 429 S.W.2d 775 (Mo.App.1968), for the proposition that even if he was negligent, his negligence was not the proximate cause of

Ms. Hawthorne's injuries, and, therefore substantial evidence was not introduced to justify the submission of Instruction No. 7. These cases do not support Mr. Lysinger's theory. Unlike the factual situations in *Brassfield* and *Knollman*, substantial evidence was presented to support the finding that the collision between Mr. Lysinger's pickup truck and defendant Hill's vehicle could have been avoided if Mr. Lysinger had provided adequate and timely warning of his intention to slow and stop.

Mr. Lysinger testified that he first observed Ms. Burton's black Mercury stopped one quarter of a mile east in front of him on the highway. Ms. Burton was signaling her intent to turn left. She was waiting because traffic was approaching in the oncoming lane of Highway 7. Despite this advanced warning, Mr. Lysinger did not slow his vehicle to a gradual stop. Instead, he waited to reduce significantly the speed of his vehicle and unsuccessfully attempted a sudden stop of his vehicle. Despite his attempt to stop his vehicle, Mr. Lysinger's pickup truck struck Ms. Burton's stopped vehicle, according to Ms. Anderson, before the Hills vehicle struck the Lysinger vehicle.

Mr. Shoemaker was driving the Blazer in front of Mr. Lysinger's vehicle. Mr. Shoemaker testified that while Mr. Lysinger attempted to stop, one of Mr. Lysinger's pickup truck tires slipped on the pavement and at least one other of the wheels of the truck "locked up." Mr. Shoemaker drove his Blazer to the right shoulder of the highway to afford Mr. Lysinger additional room to stop his truck and to avoid Mr. Lysinger's truck striking his Blazer from the rear.

Shortly before the accident, Ms. Hills was driving her vehicle on this one quarter of a mile stretch of highway 7 at approximately 55 miles per hour, six to seven car lengths behind Mr. Lysinger's pickup truck. Approximately one or two seconds before the accident, Ms. Hill observed Mr. Shoemaker drive his Blazer onto the shoulder to the right of the highway. At that time, Ms. Hills was only four car lengths from the rear of Mr. Lysinger's pickup truck. Neither Ms. Hawthorne nor Ms. Hills recalls seeing brake lights activated on the back end of Mr. Lysinger's truck.

Mr. Lysinger claims that because Ms. Hills and Ms. Hawthorne did not see his brake lights when he applied the brakes on his vehicle and because the brake lights on his vehicle worked before and immediately after the accident, his conduct was not the proximate cause of Ms. Hawthorne's injury. However, the instruction requires that in order to find for the plaintiff the jury must find in paragraph first that an "adequate" and timely warning was not given. "Adequate" is defined as "equal to or sufficient for some (specific) requirement; proportionate, or correspondent; fully sufficient; ... legally sufficient, such as is lawfully and reasonably sufficient." (Webster's New International Dictionary, Second Edition). Thus, Mr. Lysinger was required to give Ms. Hill a "fully sufficient" and timely warning. This of course would be a warning which would give Ms. Hills enough time to stop. Mr. Lysinger observed the stopped Burton vehicle one quarter of a mile ahead. He had one quarter of a mile to warn that he would stop or slow his vehicle. The evidence was sufficient for the jury to find that Mr. Lysinger's failure to negotiate a more gradual and controlled stop thereby activating earlier the brake lights on his vehicle and thereby providing an earlier and "adequate and timely warning" was the proximate cause of Ms. Hawthorne's injury. The point is denied.

### IV.

Ms. Hawthorne claims Mr. Lysinger's appeal is frivolous and requests damages for frivolous appeal. Rule 84.19. Awarding frivolous appeal damages is a drastic remedy which is utilized with extreme caution because its application must not chill an appeal of even slight colorable merit. *Matter of Estate of Voegele,* 838 S.W.2d 444, 446 (Mo.App.1992); *Young v. Williams,* 824 S.W.2d 124, 127 (Mo.App.1992). It is a remedy which is reserved for those rare cases which present no justiciable question and which are so devoid of merit there is little prospect that the appeal can succeed. *O'Dell Plumbing, Heating & Cooling, Inc. v. Clayton Greens Nursing Center, Inc.,* 676 S.W.2d

528, 532 (Mo.App.1984). The function of damages for a frivolous appeal is to protect the appellate docket from unmeritorious cases which delay cases with merit and to compensate respondents for expenses incident to the appeal. *Wright v. Sprague,* 563 S.W.2d 165, 166 (Mo.App.1978).

Ms. Hawthorne cites *Sykes v. Bi–State Development Agency,* 716 S.W.2d 856 (Mo. App.1986), as precedent to support the award of damages for frivolous appeal in this case. It is not applicable to this case because the appellant in *Sykes,* unlike the appellant in this case, made the following errors. First, appellant's points did not indicate wherein and why the trial court erred. *Id.* at 859. Second, cases were not cited to support appellant's propositions. *Id.* Third, the point which alleged instructional error failed to comply with the requirements of Rule 84.-04(e). *Id.* Finally, virtually all of appellant's point in *Sykes* was inadequately preserved for new trial. *Id.*

Ms. Hawthorne's request for damages fails for two additional reasons. First, even if appellant violated 84.04(c) in his statement of the facts, as Respondent contends, that does not render the appeal frivolous. *Jones v. Kansas City Area Transp. Authority,* 769 S.W.2d 145, 147 (Mo.App.1989). Second, although this court is unpersuaded by the issues raised by counsel, they did not rise to the level of meritless contention contemplated by Rule 84.19. *Young v. Williams,* 824 S.W.2d 124, 127 (Mo.App.1992). The request for damages is denied.

The judgment of the trial court is affirmed.

All concur.