H. Richard WESTERHOLD, et al., Plaintiffs–Appellants,

v.

GENERAL ELECTRIC CAPITAL CORPORATION, et al., Defendants–Respondents.

No. 65053.

Missouri Court of Appeals, Eastern District, Division Four.

Oct. 18, 1994.

Motion for Rehearing and/or Transfer to Supreme Court Denied Nov. 21, 1994.

Application to Transfer Denied Jan. 24, 1995.

Jack F. Allen, Clayton, for appellants.

Gallop, Johnson & Newman, Thomas P. Hohenstein, St. Louis, for respondent General Elec. Capital Corp.

Jenkins, Kling & Sauerwein, P.C., William L. Sauerwein, St. Louis, for Premier Homes, Inc.

KAROHL, Judge.

H. Richard Westerhold and Jeffrey Westerhold, d/b/a Dimarco Contractors (Contractors), appeal from a grant of summary judgment against them on Counts II, III, and IV of their petition against General Electric Capital Corporation (GECC), dismissal of one count, a grant of summary judgment in favor of GECC on its counterclaim, and denial of Contractors' post-judgment request for leave to file a second amended petition. GECC filed a motion to strike Contractors' brief and dismiss this appeal because their "statement of facts" contains omissions, distortions, and conclusions, and because of multiple defects in the "points relied on." The motion is sustained and appeal dismissed.

■ The first count of Contractors' petition alleges GECC breached its agreement with Contractors to compensate them for their work on a residential home development. This count was dismissed without prejudice. For that reason the judgment on Count I is not appealable.

■ Count II alleges Contractors are entitled to commissions or finder's fees for bringing purchasers and vendors together for certain completed homes. Contractors are not licensed to recover real estate commissions. Sections 339.010 *et seq.* RSMo1986. As a matter of law they are not entitled to the relief requested and summary judgment was appropriate.

Count III seeks specific performance of a written sale contract for the sale of a particular house owned by GECC. The remedy was not available when the petition was filed because GECC did not own the real estate at that time. At oral argument, contractors conceded this point.

■ Count IV seeks actual and punitive damages against GECC and others on a claim of conspiracy to deprive Contractors of a business expectancy because GECC did not convey a house to Contractors for an agreed price of $95,000. The summary judgment facts are, Contractors never paid and never tendered the agreed price. Summary judgment was authorized on this basis. Moreover, there are no facts to support a finding and no argument suggesting how GECC could be liable for the tort of conspiracy for breach of the alleged contract to which it was alleged to be a party. *White v. Land Clearance for Redevelopment Authority,* 841 S.W.2d 691, 695 (Mo.App.W.D.1992).

GECC filed a counterclaim against Contractors alleging in Count I that Contractors breached a real estate sale agreement and asking an award of attorney's fees as damages. There was a contract, breach and a provision for a "prevailing party" attorney's fees.

The trial court granted summary judgment in favor of all defendants on Counts II, III, and IV of Contractor's petition on April 16, 1993. It overruled a motion to reconsider on June 1, 1993. On August 5, 1993, the trial court granted GECC's motion for summary judgment as to Count I of its counterclaim. Other counts were dismissed.

■ On the merits, the summary judgments on Counts II, III, and IV of the petition and Count I of the counterclaim are proper. However, we need not reach the merits. GECC's motion to dismiss the appeal is sustained for several reasons. First, Contractors' statement of facts does not comply with Rule 84.04(c). There are material omissions and distortions of relevant facts. In addition, the statement of facts contains both argument and conclusions.

■ Second, Contractors failed to comply with Rule 84.04(d). The claimed points of trial court error presented by Contractors are insufficient to preserve anything for review. Contractors state their first point as follows:

The trial court erred in granting summary judgments in favor of GECC on plaintiffs' Counts II, III and IV. The Westerhold affidavit and the verified motion to reconsider brought into play many material issues of fact that can only be determined by a jury. The 6.4% additional compensation referred to in Count II did not violate § 339.010, *Missouri Revised Statutes* (1992 Supp.) [sic]. Plaintiffs stated a claim for damages on their Count III. Plaintiffs did not allege tortious interference with their contract with GECC on their Count IV, but instead plaintiffs alleged a conspiracy.

This point improperly includes multiple unrelated rulings of the trial court involving multiple parties. *Thummel v. King,* 570 S.W.2d 679, 688 (Mo. banc 1978), *Carroll's Warehouse Paint Stores, Inc. v. Rainbow Coatings Corp.,* 835 S.W.2d 531, 532 (Mo.App.S.D.1992). This point also fails to identify any specific material facts which Contractors believe are subject to genuine dispute. *Burns v. DeWitt & Associates, Inc.,* 826 S.W.2d 884, 887–88 (Mo.App.1992).

GECC's motion to dismiss appeal is sustained.

AHRENS, P.J., and SIMON, J., concur.