**Susan ELLIOT and Ramey Elliot, Plaintiffs–Appellants,**

v.

**John CARBO, Defendant–Respondent.**

No. 68686.

Missouri Court of Appeals, Eastern District, Division Four.

Aug. 27, 1996.

Jonathan E. Fortman, Hazelwood, for Plaintiffs–Appellants.

Godfrey, Vandover & Burns, Inc., Samuel T. Vandover, St. Louis, for Defendant–Respondent.

KAROHL, Judge.

Plaintiffs, Susan Elliot and Ramey Elliot, appeal from a judgment entered in accord with jury verdicts. At trial, Susan Elliot alleged she sustained personal injuries as a direct result of defendant, John Carbo's, negligent operation of his motor vehicle. Ramey Elliot, a passenger in Susan Elliot's car, alleged he suffered bodily injury and damages as a result of Carbo's negligent operation of his vehicle. The jury found for Susan, but determined she was 75% at fault and defendant 25% at fault. The jury valued the total amount of her injuries as $2,500. The trial court entered a judgment of $625 in favor of Susan. On Ramey's claim of injury, the jury found in favor of Carbo and awarded zero damages. We affirm.

On January 19, 1990, at approximately 8:30 p.m., Susan Elliot was traveling westbound on Poplar Street Bridge when her vehicle was struck from behind by Carbo. It was dark outside and the highway was wet. Carbo testified it was raining heavily at the time of the accident. The Elliots said there was merely a mist falling. The windshield wipers of both vehicles were in operation at the time of the accident.

Susan was driving in the curb lane of traffic at approximately 45 to 50 miles per hour. Ramey noticed a truck obstructing their lane of traffic. He warned Susan that the truck's white lights were shining and that it was possibly backing up. Susan testified she gradually began to press her brake pedal. Simultaneously, she looked to her left, attempting to change lanes, but heavy traffic prevented her from doing so. She did not alert traffic of an intention to change lanes by signaling with her turn indicator. Carbo testified there was no warning Susan was slowing down due to an impediment up ahead. She did not activate hazard lights and did not use her horn.

Carbo was traveling in the same lane. He testified he was traveling at approximately 25 to 30 miles per hour. The Elliots' vehicle was at a complete stop in front of him when he first saw the vehicle. Susan testified her foot was on the brake, and her car was gradually slowing when Carbo's car struck from behind. Ramey testified the accident happened "very quickly." He felt the car slowing down after he gave Susan the warning. The Elliots' car came to rest approximately 30 to 50 feet behind the stopped truck.

In point one, Susan argues the trial court erred in submitting a comparative fault instruction. The instruction reads as follows:

> In your verdict you must assess a percentage of fault to Plaintiff Susan Elliot if you believe:
>
> First, either:
>
> Plaintiff Susan Elliot suddenly slowed her automobile on the highway without first giving an adequate and timely warning of her intention to slow, or
>
> Plaintiff Susan Elliot suddenly stopped her automobile on the highway without first giving an adequate and timely warning of her intention to stop, and
>
> Second, Plaintiff Susan Elliot, in any one or more of the respects submitted in Paragraph First, was thereby negligent, and
>
> Third, such negligence of Plaintiff Susan Elliot directly caused or directly contribut-

ed to cause any damage Plaintiff Susan Elliot may have sustained.

Susan contends the instruction was not supported by the evidence. The instruction submits two assignments of Susan's negligence; that she either suddenly slowed or suddenly stopped her vehicle on the highway without first giving adequate and timely warning of her intention to slow or stop. The submission of an instruction with more than one assignment of negligence in the disjunctive is erroneous unless each assignment is supported by the evidence. *Hawthorne v. Hills,* 861 S.W.2d 337, 340 (Mo.App. W.D.1993). Substantial evidence must have been introduced to support both assignments of negligence to allow the jury to reasonably find she either suddenly slowed or stopped her vehicle without first giving adequate or timely warning of her intention to slow or stop. *Id.* Furthermore, the evidence and inferences must be viewed in the light most favorable to the submission of the instruction. We are to disregard all contrary evidence and inferences. *Id.* at 341 (*citing Cowan v. Perryman,* 740 S.W.2d 303, 304 (Mo. App.1987)); *Certa v. Associated Building Center, Inc.,* 560 S.W.2d 593, 597 (Mo.App. 1977).

Considering the evidence from that perspective, we find Carbo's testimony supports submission of comparative fault.

There is substantial evidence to support a finding that Susan suddenly slowed or suddenly stopped her vehicle. Carbo testified that the Elliots' vehicle, without any warning, was at a complete stop when he first saw it in his lane of traffic. The Elliots do not contest the absence of any warning of slowing or stopping and Ramey testified the collision happened "a split second" after Susan began to slow their car, on a dark night and wet highway. This evidence was sufficient to support a finding that her conduct contributed to cause the collision.

In point two, the Elliots argue the judgment entered against Ramey is inconsistent with the judgment entered in favor of Susan because the jury on Susan's cause of action, found Carbo negligent but found for Carbo on Ramey's cause of action. They conclude

**14**

Ramey must be entitled to a judgment against Carbo because the jury had found him 25% at fault.

■ A jury verdict allocating fault but finding no damages for the plaintiff is not necessarily inconsistent. *See White v. Otten,* 810 S.W.2d 704, 705 (Mo.App.1991). There was evidence to support a finding Ramey suffered no physical injuries from the collision. Ramey testified he had no black or blue marks on his body after the collision. Prior to the event he had been treated for neck, upper and lower back injury, and shoulder pain. By deposition, Ramey's doctor testified the injuries he complained of were "substantially the same as those complaints voiced by Mr. Elliot during the previous 21 years." Therefore, the award of zero damages for Ramey is supported by the evidence and the verdicts are not fatally inconsistent.

We affirm.

RHODES RUSSELL, P.J., and SIMON, J., concur.